James E. Muloahy, J.
A motion is made, on behalf of the defendant Edward Lauricella, by his attorney, to obtain an order:
(1) Suppressing all unlawfully obtained evidence against defendant in any criminal proceeding; or, in the alternative,
(2) Scheduling a hearing of the circumstances of the arrest of Regis French and Geneva Wilks on May 22, 1961, to determine if the evidence obtained as an incident of this arrest should be suppressed; and
(3) Granting the above-named defendant permission to inspect the Grand Jury minutes of the testimony upon which the indictment herein was founded; or, in the alternative,
(4) Dismissing Counts 2, 3, 4 and 5 of the indictment herein upon the grounds that the indictment was found without evidence or upon illegal and incompetent evidence, and that the admission of the illegal evidence improperly influenced the minds of the jurors; and
*345 (5) Dismissing Count 1 of the indictment herein upon the grounds that the admission of the illegal evidence improperly influenced the minds of the jurors.
On August 25, 1961, the defendant Edward Lauricella, was indicted by the Grand Jury on one count of bribery of a policeman and four counts of conspiracy and violation of the statutes prohibiting the operation of a policy business and possession of policy slips as felonies. On May 22, 1961, the defendant and two women Regis French and Geneva Wilks, were arrested for violations of sections 974-a and 975 of the Penal Law. Further, the defendant gave the arresting officer the sum of $1,000, to desist from placing Regis French under arrest and also to recover the policy slips.
A similar motion was made on behalf of Regis French for an inspection of the Grand Jury minutes and suppression of illegally seized evidence before Judge Gerald Ctjlkiu of the Court of General Sessions. Judge Cullin', in his decision without opinion, denied the motion as to an inspection of the Grand Jury minutes and as to the part to suppress, he denied without prejudice to renew on trial.
The defendant asserts that illegally obtained evidence was presented to the Grand Jury, namely, that certain papers (policy slips) were obtained as a result of an unlawful arrest of Regis French and Geneva Wilks.
A reading of the affidavit of the Assistant District Attorney clearly shows that a valid arrest of Regis French and Geneva Wilks was made on May 22, 1961 and that the arresting officer had probable cause to make such arrest under the circumstances.
It appears that under the direction of the District Attorney, police officers were assigned to observe the premises where Regis French conducted a luncheonette as they had information that this locality was an active place where policy flourished and also that on said day, May 22, 1961, Regis French would be carrying a large number of policy slips. The police, after having observed great activity in the luncheonette during the day, noticed Regis French and Geneva Wilks leaving the premises. Regis French had in her hands a package which she placed in the trunk of her automobile and then drove away from said locality.
The police officers followed in their automobile and when Regis French stopped her automobile for a traffic light, the officers pulled alongside and placed the occupants under arrest. They thereupon made a search of the trunk of the automobile and found therein the same package previously placed there by *346 Regis French. The police officers found that the package contained many thousands of policy 1 ‘ plays ’ ’.
The basic issue to be determined is the police officers ’ probable cause to arrest and search the automobile. In determining whether there is probable cause to believe a person guilty of a felony, the police officer may take into account the character and reputation of the person suspected and the reputation of the premises and the information given to him by other law-enforcement agencies. Police officers’ problems are many and complex and they should not be held accountable to a greater degree than that required of any other, reasonable or prudent man under like circumstances.
A search without a warrant as an incident to an arrest is lawful and as long as the good faith of the arresting officer with respect to the reliability of the information he possesses satisfies the court, the police officer is in the same position as if he had an arrest warrant.
In this ease the police officer could properly search the trunk of the automobile and seize the policy ‘ ‘ plays ” as an incident to the arrest of the occupants since the police officers had reasonable cause for believing that Regis French and Geneva Wilks were engaged in committing crimes of a serious nature, namely, a felony. Both persons were known to law-enforcement agencies as participants in policy and that Regis French’s premises were known to be used to violate the law. The fact that Regis French had possession of illicit papers was known to the arresting officer and therefore it is not condemned as an unreasonable search and seizure.
The law of search and seizure in automobiles is no different from such law governing the search of the person or his premises. The person and the automobile may be searched if the arrest is lawful.
Police charged with enforcement of criminal law may make a check of an automobile when there is probable cause to make an arrest but this probable cause must exist before the arrest. The law recognizes the right to search without a warrant on the basis of probable cause, particularly in cases involving the search of an automobile. Here the policemen had probable cause to conduct a search without a warrant as they believed that the automobile of Regis French contained contraband.
The factors of the known criminal’s reputation and record of Regis French and Geneva Wilks; the confidential information received by the police officers as to the policy operation being conducted on the premises of Regis French; the observation of the activity of the premises as well as the activities of *347 Begis French, and Geneva Wilks, produced reasonable grounds for the police officers to believe that a felony was being committed and that both Begis French and Geneva Wilks were committing it. Upon the foregoing, the motion to suppress is denied.
As to that part of the motion dealing with Count 1 of the indictment:
Under the facts of the case, the elements of the crime of bribery of a public officer (Penal Law, § 378) do not require that there be a provable crime which underlies the bribery of the police officer. The statute requires only that if a person gives or offers money or other thing of value to a public officer with intent to influence him in respect to any act involving his official powers, such person commits the crime of bribery. The question of whether the policy “ plays ” were lawfully seized does not have legal effect on the bribery charge.
The motion to inspect the Grand Jury minutes is denied. The moving papers must show ‘£ from whatever source, by clear and satisfactory evidence * * * that there was an insuf-
ficiency of proof before the Grand Jury [since the] indictment is presumed valid and regular ” (People v. Howell, 3 A D 2d 153, 155, affd. 3 N Y 2d 672). The motion to dismiss Counts 1, 2, 3, 4 and 5 is denied.