Thomas Dickens, J.
This motion by defendant’s attorney has for its purpose a threefold drive: (a) The suppression of
evidence resulting from an unlawful search and seizure; (b) an inspection of the Grand Jury minutes; and (c) a dismissal of the indictment.
No controversy exists regarding the ban by suppression. Conceding the illegality of the search in an opposing affidavit, the District Attorney takes the bull by the horns and moves therein for a dismissal of the first count of the indictment, being the count in which the subject matter resulting from the illegal search, is alleged. He contends, however, that the illegal search does not render impotent the second count in which the facts of the attempt to commit the bribery, are alleged.
Skeletonized, the second count accuses defendant of an attempt to influence the arresting officer in order to release defendant from the arrest, by an alleged offer of a substantial sum of money, the arrest being the same which underlies the first count.
It appears that our court of last resort upholds, in legal effect, the position taken by the District Attorney as expressed in his *535 affidavit, to wit: “ That the illegal search and seizure has no bearing whatever with respect to the second count of the indictment charging the defendant with an attempt to commit the bribery. ’ ’
I am referring to the case of People v. Jackson (191 N. Y. 293). Stated in substance, the material facts, as related therein, are that a Coroner contended that because his act as such public official in a judicial capacity, was one which he had performed beyond the bounds of his authority, he could not be charged with the bribery, for the commission of the bribery had arisen from the exercise of such lack of authority. In summarized form (headnote, p. 293) this citation supplies the following views of the court on the law, which I construe to be pertinent to the facts in hand: 11 It is of no consequence, within the purview of the law, whether a judicial officer, when accepting a bribe to do an act apparently within his jurisdiction, actually had jurisdiction or not. The statute against bribery says nothing about jurisdiction, and official action means such as properly belongs to the office and is intended by the officer to be official, and, it is sufficient if the defendant assumed colore officii, to perform a function belonging to his office even if the right to perform it did not exist in the particular case. Just as an officer de facto is punishable for malfeasance in office the same as if he had been an officer de jure, so an officer de jure, acting apparently with, but really without jurisdiction, is punishable for accepting a bribe the same as if he had had complete jurisdiction, provided the action to be corruptly taken was in form appropriate to the office held by him.,,
And, for added emphasis to the foregoing summary of the law, I quote the direct language of the court, language marking in succinct form the ratio decidendi of the ruling (supra, p. 299): “ An act may be official in character without being lawful and he neither pretended nor intended to act otherwise than officially. ‘ An official act does not mean that which was lawfully done, hut whatever was done under color or hy virtue of the office.’ ” (Emphasis supplied.)
The striking parallel here with the Jackson case, is that in both instances public officers — for the arresting officer is a public officer (People v. Duffy, 160 App. Div. 385, affd. 212 N. Y. 57) —had acted without authority and in both instances bribery had been involved, the only difference, factually, between both instances being that there the bribe had been completed, whereas here the bribe had reached only the point of an attempt. Fundamentally, however, it is apparent that the principle dealing with *536 this facet of bribery as enunciated in the Jackson case, has the same application here.
Coming down to the question of an inspection of the Grand Jury minutes or of a dismissal of the indictment, I am constrained to deny defendant’s motion in toto because of the insufficiency of the affidavit, in accordance with the rule laid down in People v. Howell (3 A D 2d 153, affid. 3 N Y 2d 672). Nevertheless, I, on my own motion, having made a personal inspection of the Grand Jury minutes (People v. Howell, supra), and now applying my inherent power of adjudication (People v. Kellner, 52 N. Y. S. 2d 355), conclude that inasmuch as the proof as regards the alleged bribe strikes me to be of a touch- and-go quality and quantity, the indictment should be dismissed with the suggestion offered to the District Attorney that he resubmit the present facts, and also submit additional facts, if any, to the same or another Grand Jury, as provided in section 317 of the Code of Criminal Procedure, for the application of which no permission by order is needed. (People v. Benson, 208 Misc. 138.)
In consequence, the motion initiated by me relative to the indictment, is granted, and the indictment is, as a result, dismissed, with the option as to a resubmission resting with the District Attorney. As to the suppression of the illegal evidence, the motion made by defendant is, in this respect, granted on the consent of the District Attorney, and such evidence is, therefore, judicially ordered suppressed.