Jerome B. E. Wolff, J.
The defendant herein, on a plea of guilty to the crime of grand larceny in the second degree was sentenced on the 26th day of June, 1952, to the Reception Center at Elmira, New York.
The defendant contends in his moving papers that the theft of the automobile for which he was indicted was in value of less than $100 and that there was illegal, false and/or perjured testimony in reference to the value of the said automobile; and therefore the indictment charging him with grand larceny in the second degree and his conviction after a plea of guilty to gr'and larceny in the second degree is illegal and should be set aside.
In the indictment it was alleged that the defendant stole and appropriated to his own use a 1941 Plymouth sedan automobile of the value of $300. At the hearing the defendant produced two automobile dealers of long standing who testified in essence that a 1941 Plymouth sedan in the year 1952 was of value at most in the sum of $75 market value, if it was in excellent condition.
There was no proof at the hearing that there was any perjured or false testimony given by the witnesses brought before the Grand Jury or that if there wias, it was not brought to the attention of the District Attorney, therefore this court will not consider that part of the petition alleging perjured or false testimony.
A perusal of the Grand Jury minutes discloses that the evidence taken as to the value of the automobile was through a witness who drove the automobile which was registered in his mother’s name, who stated that he 'obtained the sum of $50 as a trade-in toward the purchase of a new automobile, and *161 that in addition to that sum, the insurance company, which held the policy on the said car, paid the sum of $250 under the said policy. With this evidence the Grand Jury handed down an indictment which alleged that the automobile stolen by the defendant was of the value of $300.
The theory of an error of coram nobis proceeding is to bring before the court facts dehors the record which if proven would show a deprivation of the constitutional rights of the defendant. The question before the court in this instant case is whether or not the defendant now by a petition in the nature of a writ of error coram nobis can attack the validity of the indictment to which he pleaded, either on constitutional grounds or on the grounds that evidence presented to the Grand Jury was illegal or incompetent and therefore the indictment was a nullity.
As to the constitutional question the case of People v. Van Allen (275 App. Div. 181) reviewed all the former cases as to the question of the court having jurisdiction and the power to set aside an indictment either before a judgment of conviction or after a judgment of conviction. The underlying factor as reviewed in all the former eases was a situation where a motion had been made to dismiss an indictment after trial. The court in reviewing the opinion as stated in People v. Nitzberg (289 N. Y. 523) stated that the basis for determining whether or not an indictment should be dismissed would depend upon the weighing of the result at the trial against the constitutional infirmities charged against the indictment, and, therefore, the court would be in a position to be able to review the entire judgment and the facts of the indictment and to determine whether the constitutional rights of the defendant were either protected or violated. The court impliedly in its decision limited the right of a court to set aside an indictment only to those instances which involved a trial upon the said indictment. The court held that a court has inherent jurisdiction to dismiss an indictment after a judgment of conviction, but only upon the narrow grounds based on the bases which it reviewed.
A review of the decisions beginning with People v. Petrea (92 N. Y. 128) and the ease of People v. Prior (294 N. Y. 405) illustrates the point that the courts are very reluctant to set aside any indictment after a conviction even though it has been found that perhaps the Grand Jury was selected under an invalid statute as in the former case, or where the selection of the Grand Jury was done improperly, and further held that the constitutional rights of the defendants were not violated. The courts have consistently held right down to the present date that they possess the power, the inherent power, to dismiss an *162 indictment after a judgment of conviction, but have laid down other rules and have narrowed the available remedies to appeal from the judgment or a motion in arrest of judgment.
In the case of People ex rel. Carr v. Martin (286 N. Y. 27, 32) the court stated as follows: ‘ ‘ The relator’s plea of guilty was an admission of the allegations contained in the indictment. It established guilt of the crime charged as incontrovertibly as a verdict of the jury upon a trial where the court made no erroneous rulings of law.”
In People v. Wurzler (278 App. Div. 608, 609) the court stated: “An attack on the sufficiency of such evidence [Grand Jury] cannot be made long after sentence had been pronounced upon the defendant’s plea of guilty. A motion to dismiss an indictment based on insufficient evidence must be made before conviction.”
In People v. Middleton (14 A D 2d 557) the court stated: “ The claimed defects in the proceedings and in the testimony before the Felony Court and the Grand Jury afford no basis for relief by way of coram nobis. ’ ’
The same rule of law is followed in the case of People v. Fairfield (16 A D 2d 992) and in other cases dealing with the same subject as People v. Manwaring (3 A D 2d 952); People v. Cole (6 A D 2d 725); People v. White (5 A D 2d 892) and People v. Mulligan (6 A D 2d 740).
In People v. Manwaring (supra) the court stated: “ Neither can the failure of the District Attorney to present exculpatory evidence to the Grand Jury be made the basis of an attack upon the indictment after conviction, in a coram nobis proceeding.”
Assuming that the evidence presented to the Grand Jury Was not competent as to the value of the automobile, the courts have also decided on this question as to whether a writ of error coram nobis could be used in order to attack the indictment. The Court of Appeals in People v. Rupoli (1 N Y 2d 780) have decided in the negative.
The defendant was represented by counsel at the time of his arraignment. The indictment alleged that the automobile was in value of approximately $300. If there was any question as to what the exact value of the automobile was at the time of arraignment, defendant could have moved for an inspection of the Grand Jury minutes and could have moved by use of competent evidence to show that the automobile was not worth $300. It was held that where an error or a defect is made clear by the record, defendant’s remedy is not by way of a writ of error coram nobis. (People v. Eastman, 306 N. Y. 658.)
*163 Even an error of law appearing on the face of the indictment is not reviewable by a writ of error coram nobis. (People v. Fortson, 7 A D 2d 139.) The Court of Appeals has held in the case of People v. Howard (12 N Y 2d 65, 68): “ [N] either coram nobis nor any other post-conviction remedy may be employed to perform the office of an appeal.”
Therefore, since the defendant was represented by counsel at the time of his arraignment and sentencing, he had all the benefits of counsel and could have employed all the remedies of law to dismiss the indictment at that time before sentencing, and by his plea he has admitted to all the factual situations as contained in the said indictment, but still had the additional remedy to move either in arrest of judgment or by a withdrawal of his plea prior to the time of sentencing.
The petition in all respects is hereby denied.