Abraham N. (teller, J.
This is a motion to suppress evidence allegedly obtained as the result of an illegal search and seizure and to dismiss the indictment charging defendant with felonious possession of a narcotic drug.
After a preliminary hearing in the Criminal Court of the City of New York on the complaint of the policeman involved, in which the court sustained defendant’s objection to the admission in evidence of the article in question, the charge was dismissed. Defendant was subsequently indicted by the Grand Jury and this motion was thereupon made.
*724 The District Attorney has submitted a memorandum that the People have no further evidence or witnesses to present in opposition to the motion and agree with defendant that determination herein be based on the law applicable to the facts as set forth in the transcript of the preliminary hearing. The court has not taken into consideration the slightly different version given by defendant in his affidavit on this motion, but has noted that essentially it is not contradictory of the policeman’s testimony.
Investigating the ringing of a burglar alarm late at night, the policeman entered and went through an office building. In one of the offices he saw defendant through a glass partition. Defendant let him in and satisfactorily explained his presence as the owner of the recording studio occupying that office. The alarm was still ringing from another part of the building. The policeman testified that, as defendant walked toward another portion of the premises, he saw him pick up a rather large envelope or package from a desk and place it in his pocket. He asked defendant, “ What did you put in your pocket? Let me see it.” Defendant then handed over the package, saying that it contained marijuna, that he was a licensed dentist and had a permit for marijuana. The policeman thereupon arrested him for felonious possession of a narcotic drug.
It clearly appears that there is no connection between the policeman’s investigation of the burglar alarm and the finding of the marijuana in defendant’s possession, except as it indicates that the policeman used no subterfuge to gain entrance and establishes that he was not a trespasser but had a lawful right to be on the premises. This is a situation of a fortuitous search and seizure of contraband unrelated to the purpose of a policeman’s presence in premises occupied by a defendant.
It cannot be seriously questioned that defendant’s handing over of the package at the policeman’s direction — or, as phrased in the policeman’s complaint, at his request — was the equivalent of a search and seizure. This was not a voluntary act, a consent to waive the constitutional right to be free from unreasonable searches and seizures, but rather a submission to authority. No inference of consent may be drawn from the mere failure of a person to argue or object to a demand of an officer. Our courts ‘1 ‘ indulge every reasonable presumption against waiver ’ of fundamental constitutional rights ” (Johnson v. Zerbst, 304 U. S. 458, 464).
The situation here disclosed is no different from a like incident occurring in the street. The officer acted on mere suspicion *725 (or curiosity) falling short of probable cause (cf. People v. Gonzales, 31 Misc 2d 486, 494). The fact that the suspicion ripened into discovery of contraband could not validate a search or command illegal in its inception. In Henry v. United States (361 U. S. 98, 104) the court said: “ Under our system suspicion is not enough for an officer to lay hands on a citizen.” The same standard is to be applied to a direction by an officer to let him see an article in a citizen’s possession. The former involves the matter of an arrest, the latter falls within the ambit of a search, and for both the Constitution and statutes broadly require that probable cause precede the search or the arrest (see People v. Estrialgo, 37 Misc 2d 264, 272-273).
This case is to be distinguished from those in which an officer observes in plain view contraband or the recognized fruits of a crime, as to which the courts have held that he is not required to disregard the evidence his senses bring him (see, e.g., Ellison v. United States, 206 F. 2d 476). No search is involved in such a situation. If there is no act of trespass, such evidence would constitute probable cause to make an arrest. Here, of course, the officer merely saw a package or envelope whose contents were unknown to him and no probable cause, as distinguished from suspicion, existed for his invasion of the constitutional rights of defendant.
The motion to suppress is accordingly granted. Since this determination leaves the indictment unsupported by any legal evidence, it is ordered dismissed.