**UNITED STATES of America ex rel. Frank REALMUTO, Petitioner,**

v.

**Edward M. FAY, as Warden of Green Haven Prison, Stormville, New York, Respondent.**

United States District Court
S. D. New York.

May 26, 1964.

Frank Realmuto, petitioner, pro se.

Louis J. Lefkowitz, Atty. Gen. of New York, for respondent, Mortimer Sattler, New York City, of counsel.

FEINBERG, District Judge.

Petitioner, Frank Realmuto, brings this pro se application for a writ of habeas corpus upon the ground that a 1963 New York first degree robbery conviction was based upon an indictment obtained in violation of his federal constitutional rights under the Fourth, Fifth, and Fourteenth Amendments.

The indictment in question, returned by the Grand Jury of Kings County on August 25, 1960, is alleged to have been based upon illegally seized evidence. A pre-trial motion to suppress this evidence was granted. However, it appears from the papers submitted on this application that no motion was made—either before or after conviction—to dismiss the indictment. More than a year after petitioner's sentencing, he was assigned counsel to appeal his conviction. Petitioner apparently requested his assigned counsel to move to dismiss the indictment and prepared motion papers which he submitted to counsel. Counsel advised petitioner that it was too late to move to dismiss the indictment or to inspect the grand jury minutes, but that he would proceed with an appeal, both from alleged errors committed at the trial and from the denial of a motion for a new trial. A notice of appeal has been duly served and filed and the appeal has been set down for the November term of the Appellate Division, Second Department.

Assuming *arguendo* that no motion to dismiss the indictment was made in the trial court,[1] I direct myself to petitioner's contention that there is no presently available remedy in the state courts by which he can challenge the sufficiency of the indictment and that state remedies, therefore, have been exhausted.

The general rule in New York is that if a defendant fails to move to

1. In view of the disposition to be made of this case, it is not necessary to call for the record in order to determine whether such a motion actually was made.

dismiss the indictment before or upon entry of judgment, he loses the right to attack the indictment while he is detained pursuant to that judgment. People v. Nitzberg, 289 N.Y. 523, 47 N.E.2d 37, 145 A.L.R. 482 (1943); People v. Willett, 213 N.Y. 368, 107 N.E. 707 (1915). However, it is by no means clear that a constitutional objection to an indictment cannot be raised for the first time either by way of a post-judgment motion addressed to the trial court or on direct appeal from the conviction. See People v. Van Allen, 275 App.Div. 181, 89 N.Y.S.2d 594 (3d Dep't 1949) (dictum); People v. Cordello, 39 Misc.2d 160, 161–162, 240 N.Y.S. 2d 336, 338 (Monroe County Ct. 1963) (dictum). Under these circumstances, it cannot be said that there is no state remedy presently available to petitioner. Cf. United States ex rel. Emerick v. Denno, 328 F.2d 309 (2 Cir. 1964). An appeal from petitioner's conviction is presently pending in the Appellate Division of the Supreme Court. If petitioner is presently unable to raise in the state courts the question of the constitutionality of the indictment upon which his conviction was based, it is because he failed to make a timely motion to dismiss the indictment. It may be that the New York courts, in the light of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), will excuse petitioner's procedural default. Due regard for the integrity of a state's administration of criminal justice militates in favor of deferring federal habeas corpus relief until the New York courts have had an opportunity to consider the impact of Noia on its forfeiture rules. Cf. Midgett v. Warden, Maryland State Penitentiary, 329 F.2d 185 (4 Cir. 1964); Mahurin v. Nash, 321 F.2d 662, 664 (8 Cir. 1963); United States ex rel. DeFlumer v. La Vallee, 216 F.Supp. 137, 140 (D.C.N.D.N.Y.1963); see Note, Federal Habeas Corpus for State Prisoners, 39 N.Y.U.L.Rev. 78, 102–03 (1964).

■ There is an additional, and even more compelling, reason for denying petitioner's application at this time. Assuming arguendo that on appeal from the conviction petitioner will be unable to raise the question of the validity of the indictment, nevertheless, if the conviction is reversed for errors committed at the trial, petitioner at that time will be able to move in the trial court to dismiss the indictment. In People v. Nitzberg, supra, the New York Court of Appeals held that (289 N.Y. at 531, 47 N.E.2d at 41):

"By failure to move to set aside the indictment before * * * judgment the defendant lost the right to attack the indictment *while he was detained by virtue of the judgment.* He did not by such failure waive the right to move to dismiss the indictment when the judgment was set aside." (Emphasis added.)

■■ Finally, it should be noted that state court proceedings may afford petitioner all the relief that he seeks without making necessary the determination of difficult questions of federal constitutional law, since under New York law an indictment must be based upon legally competent evidence. New York Code Crim.Proc. § 249; People v. Abramson, 40 Misc.2d 723, 243 N.Y.S.2d 819 (Sup. Ct.1963); People v. Raymo, 32 Misc.2d 534, 223 N.Y.S.2d 1014 (Ct.Gen.Sess. 1962); People v. Gonzales, 31 Misc.2d 486, 221 N.Y.S.2d 846, 854–855 (Ct.Gen. Sess.1961). Requiring petitioner to exhaust his state remedies thus serves the interests of the federal judiciary and of the petitioner at the same time that it avoids undue interference with state judicial administration. Cf. Rose v. Dickson, 327 F.2d 27, 28–29 (9 Cir. 1964).

Accordingly, the petition for a writ of habeas corpus is denied, without prejudice to its renewal should relief be denied in the New York state courts. So ordered.