Martin M. Kolbrener, J.
This is a motion to suppress certain books seized by the police. In the hearing before me the patrolman who made the arrest testified that on a Sunday in July he saw a young man walking on a street in Hicksville carrying a cardboard carton containing books. He pulled alongside the defendant, questioned him and then insisted on looking to see what was in the box. When he saw there were books, he asked the boy where he got them. The boy told him that he had found the books near a school. He asked the boy to accompany him there, and the boy at first said he would rather not, and instead offered to give the books to the patrolman. The policeman then persuaded the boy to accompany him to the school. At the school the officer concluded that the boy could not have been telling the truth because it had rained the night before and the books were dry. Then the policeman saw a broken window leading into the school. When questioned by the officer, the defendant said he knew nothing about the broken window; all he knew was that he found the books at the place where he told the officer. The patrolman thereupon called the Sergeant and they arrested the defendant. On cross-examination the policeman admitted there was nothing unusual about the boy or the way he was walking with the books.
The District Attorney insists that the policeman had a right to detain the boy and to question him and make an investigation. He argues that the policeman’s first detainer of the boy on the street and request that the boy accompany him to his school, was not an arrest. It was a mere detainer for investigation. The District Attorney has cited People v. Rivera (14 N Y 2d 441) and People v. Hoffman (24 A D 2d 497). The difficulty with the District Attorney’s arguments is, that in both cases cited, there were suspicious circumstances which called for an inquiry. Are we to conclude from the patrolman’s testimony that a boy carrying books in Hicksville is an object of suspicion, that a boy carrying books must be up to no good! I am sure the good people of Hicksville would resent such an assertion.
There was no basis for stopping and detaining this boy under section 180-a of the Code of Criminal Procedure either. (“ Stop and frisk” statute.) Under that statute, the stopping and detaining may only be done when the officer has reason to sus *715 pect that a crime is being or was committed. Neither on direct nor on cross-examination was there any reasonable ground given for the policeman’s alleged suspicion. While it is laudable for the policeman to pursue his duties diligently, the Fourth Amendment to the United States Constitution is meaningless if a boy carrying books (and no further proof of crime be shown) may be stopped on the street and cross-examined and searched and his possessions seized. The policeman testified that the boy offered to give him the books. The policeman did not accept the books when volunteered by the boy, but insisted on making an investigation. There is nothing suspicious about a boy offering to turn over to the police something he found. The policeman did not testify to knowledge of any previous burglary or larceny.
I agree with the District Attorney that where suspicious circumstances appear, a police officer may detain the suspect for the purpose of investigation, then upon proof or reasonable inference that the suspect has committed a crime, the policeman may make an arrest and a contemporaneous search. Here there was no ground for a detainer, which to all intents and purposes constituted an arrest. (Henry v. United States, 361 U. S. 98, particularly p. 103.) (See, also, Limbeck v. Gerry, 15 Misc. 633, 668.)
In People v. Lakin (21 A D 2d 902) the defendant was carrying a woman’s pocketbook and sought to conceal it when the policeman observed him. The majority of the court ruled that there was no criminal behavior or probable cause for arrest (People v. McCarthy, 14 N Y 2d 206) nor was there consent to the search when the defendant (an adult) opened the pocketbook at the police officer’s request, “ Such act was not voluntary; it constituted, rather, a submission to recognized authority”. (People v. Abramson, 40 Misc 2d 723.) The dissenting Judges found on the facts that the policeman had sufficient grounds to stop the defendant because defendant acted suspiciously. In this respect the dissenters agree with the prevailing opinion on the law, but they held on the facts, that reasonable grounds for suspicion existed. We are thus led to the conclusion that without some reason for suspicion, without probable cause, the police may not and should not have detained the defendant in this case. It is therefore ordered, that the motion to suppress is granted.