**UNITED STATES of America**

v.

**Antonio L. PERDIZ.**

No. 65 Cr. 417.

United States District Court
S. D. New York.

July 6, 1966.

Robert M. Morgenthau, U. S. Atty., David A. Luttinger, Asst. U. S. Atty., of counsel, for plaintiff.

Selig Lenefsky, New York City, for defendant.

LEVET, District Judge.

On May 9, 1966, the defendant, Antonio L. Perdiz, was convicted of attempted bribery in a trial before me, sitting without a jury. Perdiz has now moved to set aside his conviction and for a judgment of acquittal on the ground that the inculpatory statements attributed to him were introduced in evidence in violation of his rights under the Fourth and Fifth Amendments to the Constitution. Specifically, he claims that they are not admissible (1) because they are the "fruit" of an illegal arrest, and (2) because he was not warned of his right to remain silent and his right to counsel before the statements constituting the attempted bribe were made.

## I.

## "FRUIT" OF ILLEGAL ARREST

The defendant was arrested with one John T. Brown after the car in which they were riding was stopped by federal narcotics officers who possessed neither an arrest warrant nor a search warrant. During the course of this arrest, statements constituting the attempted bribe charged were made. Subsequently, both Brown and Perdiz were indicted for violations of the narcotics laws and Perdiz alone was indicted for attempted bribery. Both defendants made pretrial motions to suppress certain narcotics evidence seized during the arrest on the ground that the arrest was illegal. After a hearing, Judge Tenney of this court, finding the arrest illegal, granted the motion to suppress. The defendant now, citing Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), contends that his oral statements after the illegal arrest must be suppressed. Wong Sun, on first glance, appears to hold that verbal evidence and the "fruits" thereof deriving from an illegal arrest are not admissible into evidence as proof of a crime. Wong Sun, however, does not stand for the proposition that an independent criminal act is to be ignored because it was made during an illegal arrest. In Vinyard v. United States, 335 F.2d 176 (8th Cir.), cert. denied 379 U.S. 930, 85 S.Ct. 327, 13 L. Ed.2d 342 (1964), the Eighth Circuit held that the legality of the arrest "is immaterial in a prosecution for the subsequent bribery of an arresting officer." 335 F.2d at 181. The Seventh Circuit took the same position in United States v. Troop, 235 F.2d 123 (7th Cir. 1956). Compare United States v. Louie Gim Hall, 245 F.2d 338 (2nd Cir. 1957). The attempted bribe is a completely independent act. As long as the officers are acting under color of authority, which is evident in this case, the attempted bribe is a crime, regardless of whether the officers' acts are later determined to be illegal. See Vinyard v. United States, supra.

Accordingly, the illegality of Perdiz' arrest does not prevent his statements constituting an attempted bribe made after his arrest from being used against him.

## II.

## RIGHT TO REMAIN SILENT AND RIGHT TO COUNSEL

The defendant here seeks to take advantage of the recent Supreme Court ruling in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (June 13, 1966) that no statements made by a defendant may be used against him unless he has been advised of his right to remain silent and his right to counsel. However, the Supreme Court in Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (June 20, 1966) held that the Miranda rule applied only prospectively to trials which "began" after the Miranda decision. The present defendant was convicted, although not sentenced, before the Miranda decision. Hence, his trial did "begin" before Miranda, and it is not applicable.

Even if Miranda were applicable, it does not provide a defense to a prosecution for attempted bribery. It is one thing to say that statements made, where no adequate warning is given, may not be used to convict a defendant of crimes which are under investigation or which are revealed by his statements, but it is quite another matter to say that he is immune from prosecution for an independent criminal act which he commits in the presence of a law-enforcement officer who has not warned the defendant of his rights. Compare United States v. Winter, 348 F.2d 204 (2nd Cir. 1964). It is one thing to deny the prosecution the use as evidence of statements made without adequate warning in prosecutions for crimes previously committed; it is quite another thing to say that a statement, which is itself a crime, when made to a law-enforcement officer is inadmissible solely because the officer did not properly warn the defendant before the defendant began to speak. Accordingly,

failure to warn, in my opinion, does not provide a defense to the present defendant.

Therefore, the motion of the defendant must be denied and is so ordered.