■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. HAROLD MUNGER, GERALD HARTLEY and SAINT JULIAN HARRISON, Respondents.— Order, Supreme Court, Bronx County, entered on December 17, 1969, granting defendants' motion for a new trial, modified, on the law and on the facts, to the extent of denying defendants' motion for a new trial on the bribery charges and reinstating the convictions thereon, and otherwise affirmed. Defendants Harold Munger, Gerald Hartley and Saint Julian Harrison were convicted after a jury trial before MARKS, J., of felonious possession of narcotics and of bribery. Their convictions were unanimously affirmed by this court without opinion (30 A D 2d 776). The Court of Appeals also unanimously affirmed the convictions (*People* v. *Munger*, 24 N Y 2d 445) but, while so doing, remitted the case to the trial court for a wiretap hearing pursuant to *Alderman* v. *United States* (394 U. S. 165). Following the hearing, the trial court found that the convictions for possession of narcotics and for bribery were based upon tainted evidence and ordered a new trial on all counts. We find no support in the record for the court's finding as to the bribery convictions. On the contrary, the record clearly shows that the bribe offer was an independent and voluntary act. As such, it was attenuated so as to be purged of any taint. (See *People* v. *Mendez*, 28 N Y 2d 94; *People* v. *Dentine*, 27 A D 2d 139, affd. 21 N Y 2d 700.) The concededly illegal search and seizure did not taint the subsequent bribe offer. (See *Vinyard* v. *United States*, 335 F. 2d 176, cert. den., 379 U. S. 930; *United States* v. *Troop*, 235 F. 2d 123; *People* v. *Raymo*, 32 Misc 2d 534.) The bribe offer was not induced by the wiretapping. It was an unrelated crime unaffected and untainted by any overheard conversation. The bribery convictions should not be disturbed. The District Attorney has filed a statement pursuant to section 518-a of the Code of Criminal Procedure (CPL 450.50) asserting that the deprivation of the use of evidence suppressed by the order appealed from has rendered the amount of proof available to the People with respect to the indictment herein, either legally insufficient or so weak in its entirety, that any reasonable probability of obtaining a conviction on the indictment has been effectively destroyed. Accordingly, our disposition is without prejudice to an application by defendants to the trial court to dismiss the counts of the indictment involving narcotics violations on the basis of the District Attorney's filed statement. Concur — Capozzoli, Nunez and Steuer, JJ.; McGivern, J., concurs in a memorandum, and Stevens, P. J., dissents in a memorandum: McGivern, J. (concurring). I have no hesitancy in concluding that the hearing court's findings in respect of the bribery are factually unsupported on this record and erroneous as a matter of law. I find nothing to sustain an inference that the bribery was supported by other than independent evidence, and accordingly, that portion of the order should be reversed. It has consistently been held that subsequent bribery of a police officer is not affected by the question that a related conviction may be tainted by illegal evidence. (*Vinyard* v. *United States*, 335 F. 2d 176, cert. den. 379 U. S. 930; *People* v. *Lauricella*, 32 Misc 2d 344; *People* v. *Raymo*, 32 Misc 2d 534.) Stevens, P. J. (dissenting). I dissent and would affirm the order in its entirety. In my opinion there is a factual issue affecting not only the conviction of possession of narcotics, but the bribery conviction as well.