■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PUGLISI, Appellant.—Judgment rendered September 18, 1974, Supreme Court, Bronx County, unanimously modified, on the law and on the facts, to the extent of reversing the conviction of defendant upon his plea of guilty to the crime of attempted possession of a weapon (felony) and vacating the sentence imposed thereon, and dismissing the first count of the indictment which charges the defendant with the crime of attempted possession of a weapon (felony). However, the case should be remanded for further proceedings under the second count of the indictment charging defendant with bribery (see CPL 470.55, subd 2). After following a taxicab for about 15 minutes in which defendant and two other passengers were riding, the police officers, acting upon a "hunch", halted the cab. One of the police officers then observed defendant attempting to secrete a weapon under the rear seat. Following his arrest, the defendant admitted ownership of the weapon. On three different occasions following his original detention, the last two being in the police precinct, the defendant offered the officers $300, $1,000 and $5,000 to drop the charges against him. Under the circumstances outlined in the record, there was no probable cause to stop the cab and detain the defendant and his companions (People v Johnson, 30 NY2d 929; People v Cantor, 36 NY2d 106). Even reasonable suspicion was absent, assuming arguendo that such was the standard to apply in assessing the conduct of the police (cf. People v Moore, 32 NY2d 67). Accordingly, the seizure of the weapon, and the statement of the defendant admitting its ownership, must be suppressed (Sibron v United States, 392 US 40, 62; People v Rodriguez, 11 NY2d 279, 286). However, the bribe offers allegedly made by the defendant were independent acts, of his own volition, and as such were so attenuated as to be purged of the taint of the illegal stop and detention (People v Munger, 37 AD2d 950, app dismd 33 NY2d 576). The police did not "exploit" their original illegal action so as to provoke the defendant into making the bribe offers (Vinyard v United States, 335 F2d 176, 183, cert den 379 US 930; Wong Sun v United States, 371 US 471, 488). Consequently, these offers are admissible into evidence. Hence, the second count should be returned to the trial court in accordance with this order. With respect to the defendant's attack on the quality of the tapes of his conversations with the police, it has already been determined below that the

tapes are audible. The admissibility of the tapes at the trial will be a matter for the trial court to determine. Concur—Kupferman, J. P., Murphy, Lupiano, Birns and Lane, JJ.