■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DAVIS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 3, 1977, convicting him of attempted bribery in the second degree and attempted criminal possession of a weapon in the third degree, upon a plea of guilty, and imposing sentence. The appeal also brings up for review the denial, after a hearing, of defendant's motion to suppress physical evidence. Judgment modified, on the law and the facts, motion to suppress granted, the conviction of attempted criminal possession of a weapon in the third degree, and the sentence imposed thereon, are reversed, and the count of the indictment upon which

said conviction is based is dismissed. As so modified, judgment affirmed. On December 20, 1974 three police officers assigned to a "street crime unit", in an unmarked police vehicle, were told by an "unknown" informant that "a male Black, approximately * * * six feet tall, wearing a long brown suede coat that appeared to be leather, was in possession of a gun [and] had just left [the] location." Four minutes later and three blocks away, the officers observed the defendant-appellant walking on the street. Since the defendant fit the vague description, he was forcibly stopped by the three police officers, with their guns drawn, and he was observed to throw an object onto the street. The object was recovered and proved to be a loaded revolver. While he was being driven to the precinct, the defendant allegedly attempted to bribe one of the arresting officers. The defendant moved to suppress the weapon as the fruit of an illegal search and seizure, but this motion was denied. He thereafter entered a plea of guilty to attempted bribery in the second degree and attempted criminal possession of a weapon in the third degree. The judgment must be modified by reversing the conviction of attempted criminal possession of a weapon and dismissing the count of the indictment upon which said conviction is based, as the People fully, and with candor, concede. It is clear that when the defendant was forcibly stopped at gunpoint, predicated upon the vague physical description given by an "unknown" informant, he was subject to an improper and unconstitutional seizure of his person (see *People v Figueroa,* 58 AD2d 655; *People v De Bour,* 40 NY2d 210, 223; *People v Cantor,* 36 NY2d 106, 111; *Terry v Ohio,* 392 US 1, 21; cf. CPL 140.50). Consequently, the motion to suppress the gun, as the fruit of an illegal seizure, should have been granted. The defendant also argues that the first count of the indictment, charging bribery in the second degree should likewise be dismissed inasmuch as there exists an "integral causal connection between the illegal arrest and the attempted bribery 'to dispose of the weapons charge'" and, hence, but for the illegal arrest, no attempt to bribe would have occurred. The argument, as a matter of law, does not stand up under careful scrutiny. An attempt to bribe subsequent to an improper arrest is clearly an independent, unrelated act, lacking a causal connection, and is so "attenuated * * * as to be purged of any taint" *(People v Munger,* 37 AD2d 950, app dsmd 33 NY2d 576; see, also, *People v Stewart,* 41 NY2d 65, 70; *People v Martinez,* 37 NY2d 662; *Vinyard v United States,* 335 F2d 176, cert den 379 US 930). We note that defendant does not contend that he would not have pleaded guilty to attempted bribery if the motion to suppress the gun had been granted. Hence we do not reach that issue. Accordingly, the attempted bribery conviction must be sustained. Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.