OPINION OF THE COURT
Meyer, J.
A defendant who requests counsel after his arrest but then without provocation seeks to buy his way out by *477 offering a bribe to the arresting officer may be questioned by the officer as to anything legitimately related to the bribe offer that would be asked by an officer intending to accept such an offer. Admission in evidence of such a bribe offer, of any repetition of it, of any statements made in answer to such inquiries, or of any contraband of which the officer learns through the answers to such inquiries violates neither defendant’s constitutional right to counsel nor his right to be free of unreasonable search and seizure. The order of the Appellate Division affirming the Trial Judge’s denial of suppression and defendant’s conviction after plea of guilty should, therefore, be affirmed.
While on motor patrol together Patrolman James O’Con-nor and Sergeant John Kelly observed that defendant was driving a vehicle which had no front license plate attached where it normally would be although it bore a New York plate on the rear. They directed defendant to pull over and asked him for his license and registration. Defendant produced the registration but informed the officers that his license had been taken away in South Carolina. Upon making a computer check, the officers discovered that defendant had six suspensions on his license.
While the computer check was in process, defendant asked and received permission to go to a nearby candy store to purchase cigarettes. Upon defendant’s return the officers advised him what the computer check had revealed and placed him under arrest for driving with a suspended license. Defendant was given Miranda warnings to which he made no response. He was then asked for the keys to his car so that it could be parked while defendant was booked. Defendant responded that he had lost the keys in the snow on the way to the candy store and Sergeant Kelly went to look for them. At this point defendant’s wife drove up and Patrolman O’Connor heard appellant instruct her to call his attorney and tell him defendant would be at the 106th Precinct.
During Kelly’s absence defendant offered to give O’Con-nor $5,000 plus another $5,000 after he made a telephone call. O’Connor told defendant to forget it and, after handcuffing him, placed him in the police car. Sergeant Kelly *478 then returned with the keys, which had been hidden in the store, and there followed a conversation between the two officers and defendant in which, responding to Kelly’s inquiry as to why he was offering so much money, defendant said that he owed three years’ jail time. Defendant was then asked by O’Connor why he did not want the officers to have the keys to the car and he responded that he had about $100 worth of coke in the car. O’Connor next asked where the coke was and was told it was in the front seat. Checking and failing to find it, O’Connor inquired again and was told it was in the back seat. Unable to find it in the back seat, O’Connor inquired again and was then told that it was on the left hand side of the trunk, in a paper bag. Using the keys he had retrieved from the store, Sergeant Kelly then opened the trunk and found a paper bag containing three clear plastic bags filled with a white powder, later determined to be cocaine. Kelly closed the trunk, leaving the paper bag and its contents inside, and told O’Connor he would call Internal Affairs and meet O’Connor and defendant at the station house.
At the station house Kelly was fitted with a hidden recorder. After he rejoined O’Connor and defendant, further conversation concerning the proposed bribe occurred, after which defendant handed Kelly a sum of money and was, thereupon, arrested for bribery and possession of cocaine. The cocaine was then removed from the trunk of the car. Indicted for criminal possession, bribery and violation of the Vehicle and Traffic Law, defendant moved to suppress both his statements and the physical evidence.
After a hearing at which the police officers testified, the hearing Judge denied both aspects of the motion, concluding that the statements were part of the bribe offer and were voluntarily made despite defendant’s being advised of his rights and that defendant’s admission that he possessed cocaine entitled (indeed, required) the officers to arrest him and search the automobile for the fruits of the admitted crime. No mention was made in defendant’s moving papers or in the hearing Judge’s decision of defendant’s direction to his wife, overheard by Officer O’Connor, to call his attorney. Following denial of his motion, defendant pleaded guilty to the possession count in satisfaction of the *479 indictment. Sentenced to one year to life, defendant appealed the suppression ruling pursuant to CPL 710.70 (subd 2). The Appellate Division having affirmed, without opinion, defendant appeals to us by permission of a Judge of this court. Before us he argues for the first time, as People v Ermo (47 NY2d 863, 865) and predecessor cases permit, the violation of his right to counsel. We affirm.
Defendant does not argue that his statements prior to his arrest on the Vehicle and Traffic Law charges are suppressible. Further, he concedes in his brief that the offer of $10,000 to the officers not to pursue that arrest was admissible, because it was spontaneous within the meaning of that word as defined in People v Lynes (49 NY2d 286, 294) and People v Maerling (46 NY2d 289, 302-303) and because it furnished probable cause for defendant’s arrest for bribery. He argues, rather, that though the police were not prevented from immediately investigating the bribery they could not question defendant, absent the attorney whose presence he had to their knowledge requested, about the then pending bribe offer and could not search the trunk for the cocaine of which they had learned through such questioning because they did not have legally obtained probable cause to believe the trunk contained contraband.
The issue is thus reduced to the extent to which defendant’s prior request for an attorney limited the investigation that would normally be made by a police officer to whom a bribe offer has been made. We agree with defendant’s attorney that the bribe offer is admissible notwithstanding the prior request for an attorney, but we do not ground that conclusion solely upon the fact that the time and manner of the offer brought it within the exception to the right to counsel rule for statements spontaneously made (see People v Stoesser, 53 NY2d 648, 650). Of at least equal importance is the fact that the statement itself constituted an independent crime, for otherwise the constitutional protection is being used not to protect an accused by providing him with legal assistance with respect to a past crime but to give him immunity for a new crime committed in the presence of the officers. That the right to counsel is not to be carried that far was the holding of the Eighth Circuit in Vinyard v United States (335 F2d 176, *480 184, cert den 379 US 930).[1] The court reasoned that: “The receipt into evidence of the testimony of [Revenue Agents] Overturf and Wallace as to what occurred was entirely proper, even though she [defendant] was represented at the time by an attorney in connection with the first offense, that for which she had been arrested. To hold otherwise is to say that a person arrested for one offense (refilling of bottles in violation of 26 U.S.C.A. § 5301(c)) may not be held accountable for the commission of a subsequent and different offense (bribery, in violation of 18 U.S.C.A § 201) unless his counsel, employed in the refilling of bottles offense, is present and presumably approving of the acts constituting the attempted bribery offense. It would be holding that the employment of counsel in the first offense gave appellant an insulated status against the commission of subsequent crime or immunized him from responsibility for his subsequent criminal acts. * * * Like reasoning applies to the acceptance into evidence of the recordings of appellant’s statements which repeated or reaffirmed her prior attempted bribery, this time with seeming success in the passage of two envelopes, each containing $250 in cash.”
To be borne in mind in deciding how far conversation between a person accused and a police officer to whom he offers a bribe is proscribed by the constitutional right to counsel are that the conversation was initiated by defendant (cf. People v Lynes, 49 NY2d 286, 294, supra), that the bribe offer furnished a valid independent basis for interrogation (cf. People v Stewart, 41 NY2d 65, 70), that the risk defendant took in offering the bribe included the possibility that the offer would be tape-recorded (Lopez v United States, 373 US 427, 439), and that in view of the credibility problems otherwise presented it is a usual investigation practice to obtain such a recording (id.; Vinyard v United States, supra; People v Puglisi, 51 AD2d 695).
*481 Defendant suggests that Officers Kelly and O’Connor were obligated to arrest him for the bribe offer as soon as it was made and not to inquire further. However, in Hoffa v United States (385 US 293, 310), a Sixth Amendment-based argument was denominated by the Supreme Court a “novel and paradoxical constitutional doctrine” and rejected in the following language: “There is no constitutional right to be arrested. The police are not required to guess at their peril the precise moment at which they have probable cause to arrest a suspect, risking a violation of the Fourth Amendment if they act too soon, and a violation of the Sixth Amendment if they wait too long. Law enforcement officers are under no constitutional duty to call a halt to a criminal investigation the moment they have the minimum evidence to establish probable cause, a quantum of evidence which may fall far short of the amount necessary to support a criminal conviction.” Though the Hoffa case can be distinguished,[2] we think its reasoning is properly applicable to the present case. The purposes of the constitutional provision are to recognize an accused person’s view “that without legal advice he is not competent to deal with those in whose custody he is” (People v Kazmarick, 52 NY2d 322, 327; People v Cunningham, 49 NY2d 203, 209), to minimize the disadvantage of a person accused by mitigating the coercive influence of the State (People v Kazmarick, loe. cit.; People v Rogers, 48 NY2d 167, 173) and to further fundamental fairness (People v Kazmarick, loc. cit.). But a defendant who asks for counsel in one breath and then with the next, without awaiting the arrival of counsel and without provocation, makes a bribe offer, has shown that he views his need for an attorney as limited to the legal proceedings that will ensue and considers himself quite competent to seek an illegal end to his predicament. Nor by hypothesis, the bribe offer being wholly spontaneous, is there any coercive influence of the State at work.
To the contrary, the questions asked and answers given in the instant case were well within the realm of inquiry *482 that would be made by a rogue policeman considering whether to accept the bribe offer made. True, some went to motive, which is not an element that must be proven to obtain conviction of a crime. But the offer of $10,000 to forget about a Vehicle and Traffic Law violation was so bizarre and the keys claimed to have been lost in the snow but which were found in the candy store such a charade, that a bribe offeree, considering whether to involve himself and whether the amount offered was worth the risk involved, would quite naturally ask the questions that O’Connor and Kelly asked. Moreover, defendant’s answers can hardly be deemed coerced. Though he first sought to mislead the officers by referring to time he owed, which apparently was not the fact, he readily revealed, when asked why he “lost” the keys, the presence of cocaine in the car. That it took three inquiries to ascertain the exact location of the cocaine does not establish the contrary, for he may well simply have feared that, if the officers were indeed rogues, they might hijack the drugs. Moreover, on arrival at the precinct station he continued to negotiate in terms of completing the bribe, until finally arrested on both bribery and drug charges.
This court has “led the way” in protecting the right of an accused to the assistance of counsel (Kamisar, Police Interrogations and Confessions, p 220), as is evident from even a cursory review of our decisions (see People v Kazmarick, 52 NY2d 322, 326-327, supra, and cases there referred to). There is, however, no unfairness to a defendant who would subvert the criminal justice system with his offer of a bribe in our recognizing, as a further exception to the rule that one who has requested counsel can only waive his right to counsel in the presence of counsel (People v Hobson, 39 NY2d 479, 484), the making of a spontaneous and unprovoked bribe offer, and to hold that any statement made in response to inquiry legitimately related to the bribe offer is outside the protection of the right to counsel rule. Not to do so is unrealistically to limit investigatory procedures relating to bribe offers (see Kazmarick, supra, at p 328).
It follows that all statements made by defendant during the bribe negotiations are admissible. Moreover, defendant’s admission that there was cocaine in the car fur *483 nished probable cause for ultimate seizure of the cocaine. That the officers looked at the cocaine in the trunk without a warrant is, if improper, immaterial. They had been told of its existence by defendant, and the record is clear that it was not removed from the trunk until after defendant was arrested on the bribery and drug charges. Defendant himself having given the officers in his attempt to bribe them information as to the location of the cocaine, had no reasonable expectation of privacy concerning it that required obtention of a warrant before seizing it (see United States v Martino, 664 F2d 860, 870; United States u Candella, 469 F2d 173, 175).
Because neither the statements nor the cocaine were suppressible, the order of the Appellate Division affirming Criminal Term’s denial of suppression was correct and should be affirmed.

. Vinyard is the only case found dealing with the right to counsel. Supportive of its conclusion, though not directly in point, are cases holding that the Fourth Amendment taint of a prior illegal arrest does not protect an accused who offers the arresting officer a bribe from prosecution for bribery (People v Davis, 59 AD2d 722; People v Puglisi, 51 AD2d 695; People v Munger, 37 AD2d 950, app dsmd 33 NY2d 576; People v Raymo, 32 Misc 2d 534; United States v Troop, 235 F2d 123; United States v Perdiz, 256 F Supp 805; People v Guillory, 178 Cal App 2d 854; see United States v Winter, 348 F2d 204).

. The claim there was based not on the fact that counsel had been requested but that had an arrest been made promptly after there was probable cause to do so, much of the information obtained thereafter would have been suppressible on right to counsel grounds.