THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD POSEY, Appellant.

First Department, February 11, 1982

APPEARANCES OF COUNSEL

*Lynn W.L. Fahey* of counsel (*William E. Hellerstein,* attorney), for appellant.

*Joyce P. Adolfsen* of counsel (*Norman Barclay* with her on the brief; *Robert M. Morgenthau, District Attorney,* attorney), for respondent.

OPINION OF THE COURT

MARKEWICH, J.

On December 22 last, the Court of Appeals outlined in *People v Middleton* (54 NY2d 474) the extent to which a police officer may question a suspect who is engaged in offering a bribe. We review here the applicability of that decision to the fact pattern here found, as well as the extent to which the "bribe receiver" may testify concerning the involvement of another defendant engaged in a separate though simultaneous bribe offer by another. In addition we consider whether, in a situation in which two officers testify contradictorily, a request to charge the so-called statutory defense to bribery (Penal Law, § 200.05) should be granted. Defendant, aged 70, was at a "numbers parlor," frequented by him, when it was entered by police executing a search warrant for the premises. He was searched by the police, and a loaded handgun found on his person. He was charged with having offered $200 to the sergeant in charge to forget about the gun and to substitute a misdemeanor charge.[1]

One Thompson, also found in the place, offered the police, it was charged, $1,000 to forget about a substantial number of glassine bags of heroin found upon him. This was followed by handcuffing the two arrestees together and taking them to Thompson's nearby apartment where Thompson said he had his own bribe money. There, he produced it from its hiding place, and paid it over. There were two conflicting versions as between the sergeant and his accompanying patrolman as to how the sergeant got defendant's $200: the sergeant's version was that defendant, with his uncuffed hand, produced the wallet from his pocket, and offered it to the sergeant; the patrolman said that the sergeant helped himself to the money out of defendant's pocket. There had also been several important contradictions between testimony of the two as to what had happened at the numbers establishment. Be that as it may, we reach no credibility question, that being for the jury.

The crime charged against defendant was bribery, second degree, the offer only, without mention of later pay-

---

1. The gun was later suppressed as the product of an illegal search, and that charge disappeared from the case, except that it was reviewed in full before the jury.

ment of the bribe. Though the crime had been complete at the numbers place, the police continued to gather proof, as to both gun and bribery charges, first during payment of the bribe at Thompson's apartment, and then through defendant's admission concerning the gun, made at the precinct, where the sergeant had secreted a recorder in a washroom cabinet. Each episode will be treated of separately.

█ First as to the payment, concerning the details of which the sergeant and the officer had given differing testimony. These conflicts and their portent provided sufficient background to require a charge, as defendant requested, of the so-called statutory defense to bribery.[2] The request was denied, which is deemed sufficiently prejudicial to require a new trial.

█ The second episode involved admissions by defendant which, while consisting of an inculpatory statement about the gun later suppressed, were germane to the bribery charge. It was addressed to the very basis for the bribe offer, and, to this extent, it would have been properly received in evidence over defendant's objection. However, that portion of the statement having to do solely with Thompson's involvement with drugs and with the latter's separate bribe offer may well be prejudicial to defendant if received in full at the new trial. It should, therefore, be carefully redacted to avoid the possibility of an inference of guilt by association. Such error as may have occurred may be corrected at the new trial. A proper instruction to the jury should obviate speculation as to why the second scene occurred in Thompson's apartment. However, as to the admissibility of those portions of the statement inculpating defendant alone, a ruling for admissibility would be eminently proper. "A defendant who * * * after his arrest * * * without provocation seeks to buy his way out by offering a bribe to the arresting officer may be questioned by the officer as to anything legitimately related to the bribe offer that would be asked by an officer intending to

---

2. "§ 200.05 Bribery; defense. In any prosecution for bribery, it is a defense that the defendant conferred or agreed to confer the benefit involved upon the public servant involved as a result of conduct of the latter constituting larceny committed by means of extortion, or an attempt to commit the same, or coercion, or an attempt to commit coercion." (Penal Law, § 200.05.)

accept such an offer. Admission in evidence of such a bribe offer, of any repetition of it, of any statements made in answer to such inquiries, or of any contraband of which the officer learns through the answers to such inquiries violates neither defendant's constitutional right to counsel nor his right to be free of unreasonable search and seizure." (*People v Middleton, supra,* pp 476-477.)

It is to be noted that four words have been omitted from the *Middleton* quotation. They indicate that the defendant in *Middleton* had requested counsel prior to being questioned by the officer who was simulating willingness to be bribed. There was no such element in this case. A fortiori, the *Middleton* statement having been ruled admissible, that made in our case should not be excluded. By way of further difference, Mr. Middleton had received *Miranda* warnings at the beginning of his encounter with the police; Posey had not, the difference being that, the instant bribe offer having occurred immediately upon the heels of the gun's discovery, the officer in giving the warning would have immediately abandoned his role as one "intending to accept such an offer." The excerpt from *Middleton* is thus almost exquisitely applicable to this fact pattern.

We do not reach defendant's point that his sentence was overharsh because of his advanced age. His sentence was the minimum provided by law for a second felony offender convicted of a class D felony.

Accordingly, the judgment of conviction of bribery, second degree, Supreme Court, New York County (McCooe, J.), rendered January 18, 1980, should be reversed, on the law, and the case remanded to Supreme Court, New York County, for a new trial.

MURPHY, P. J., SILVERMAN and FEIN, JJ., concur.

Judgment, Supreme Court, New York County, rendered on January 18, 1980, unanimously reversed, on the law, and the case remanded to Supreme Court, New York County, for a new trial.