■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MORA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Shea, J.), rendered February 2, 1987, convicting him of bribery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with two counts of bribery in the second degree. The first count was based upon the defendant's alleged offer to share $29,000 with the police if they would refrain from taking official police action against him for driving while his license was suspended and driving without a registration certificate and an insurance card. The second count was based upon the defendant's alleged offer to give the police 20% of the monthly profits of his drug business in exchange for police protection. The defendant was acquitted on the first count and found guilty on the second count.

At a *Mapp* hearing prior to the trial, a police officer testified that while the defendant was detained on the traffic violations he consented to a police search of his car trunk. The search revealed $29,000 in cash in the trunk. The defendant and his four passengers testified that the officers had removed the keys from the ignition and unlocked the trunk without consent. The hearing Judge credited the defendant's witnesses, found that there was no consent to the search, and suppressed the $29,000 recovered from the trunk.

At trial, the People's witnesses were allowed to testify, over objection, that $29,000 was found in the trunk of the defendant's car and that the defendant offered that money to them if they would forget about the three traffic violations and let him go.

We find that the police officers' testimony that the money offered in the bribe attempt was found in the trunk was not sufficiently attenuated from the illegal seizure of the money *(see, People v Dory,* 59 NY2d 121, 126-127; *People v Evans,* 43 NY2d 160). The primary taint of the illegal conduct was not removed because the officers' observations were the product of the illegal search *(see, People v Evans, supra; cf., People v Davis,* 59 AD2d 722). For the same reason, the police vouchers evidencing the police possession of the money seized from the trunk should not have been admitted. However, we find such errors to be harmless beyond a reasonable doubt since the jury acquitted the defendant of the first bribery count which was based on his offer to share that $29,000 with the police.

We further find that the police officers did not exploit the illegal search so as to provoke the defendant into making the bribe offers *(see, People v Davis, supra; People v Puglisi,* 51 AD2d 695). The defendant's statements were made in response to inquiry legitimately related to the bribe offer and, therefore, are outside the protection of the right to counsel rule *(see, People v Middleton,* 54 NY2d 474).

Although the defendant contends that the trial court erred in denying him a *Huntley* hearing on the issue of the voluntariness of his statements, as the trial court determined, the statements are the verbal acts which constitute the bribe offer and the defendant would not be entitled to suppression of these statements *(see, People v Middleton, supra; People v Castro,* NYLJ, July 14, 1986, at 14, col 4).

The defendant's contention that the People failed to disprove his coercion defense is without merit. Viewing the evidence adduced at trial in the light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that the evidence was legally sufficient to support the conviction for bribery in the second degree as charged in the second count even without the improperly admitted evidence. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Kunzeman, J. P., Eiber, Sullivan and Balletta, JJ., concur.