■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE SHAW, Appellant.—Appeal by the defendant from (1) five judgments of the Supreme Court, Queens County (Sherman, J.), all rendered November 27, 1989, convicting him of robbery in the second degree under Indictment No. 4010/89, robbery in the second degree under Indictment No. 4115/89, and robbery in the third degree under Indictment Nos. 4063/89, 4114/89, and 4229/89 (three counts, one as to each indictment), upon his pleas of guilty, and (2) five judgments of the same court, all rendered December 11, 1989, convicting him of robbery in the second degree under Indictment No. 4064/89, grand larceny in the fourth degree under Indictment No. 4271/89, and robbery in the third degree under Indictment Nos. 4272/89, 4324/89, and 4325/89 (three counts, one as to each indictment), upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

During the defendant's plea allocution in connection with Indictment Nos. 4010/89, 4114/89, 4115/89, 4063/89, and 4229/89, the court twice explained to the defendant that as a condition to the court imposing the promised sentences of 3 to 9 years imprisonment on the second degree robbery counts, the defendant was required to appear for sentencing. If the defendant failed to appear on the scheduled sentencing date, the court promised the defendant that it would sentence him to 5 to 15 years imprisonment on those counts. When the defendant failed to appear on the scheduled sentencing date, the court issued a bench warrant for the defendant's arrest and re-scheduled sentencing for three weeks later. At the second sentencing date, the defendant failed to appear and the court adjourned sentencing for a second call so that the defense counsel could attempt to locate the defendant. Upon recall, the defendant still could not be found so the court sentenced the defendant in absentia to 5 to 15 years imprisonment as promised.

We find that the court properly sentenced the defendant in absentia since the defendant knowingly waived his right to be present at sentencing *(see, People v Davis,* 106 AD2d 657, 658).

Further, the court gave the defense counsel sufficient time to locate the defendant and properly assured itself that the defendant did not have a legitimate excuse for his absence. Although the defendant received the harsher sentence of 5 to 15 years as opposed to the 3 to 9 year sentence, we find that the court properly did not offer the defendant the opportunity to withdraw his guilty pleas because the 5 to 15 year term of imprisonment was part of the defendant's bargained-for sentence *(see generally, People v Annunziata,* 105 AD2d 709). Moreover, since the defendant received the sentence he was promised, he should not now be heard to complain on appeal that his sentence was excessive *(see, People v Kazepis,* 101 AD2d 816, 817).

In view of our determination, there is no basis for vacatur of the pleas under Indictment Nos. 4064/89, 4271/89, 4272/89, 4324/89, and 4325/89 *(cf., People v Clark,* 45 NY2d 432). Mangano, P. J., Rosenblatt, Lawrence and Copertino, JJ., concur.