■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD J. MANNING, Also Known as ROBERT J. MANNING, Appellant. [604 NYS2d 993] —Casey, J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered September 11, 1991, upon a verdict convicting defendant of the crimes of attempted murder in the first degree (two counts), attempted aggravated assault in the first degree (two counts) and criminal possession of a weapon in the second degree (three counts).

Assuming that defendant is correct in his claim that the police lacked the requisite reasonable suspicion to stop defendant's vehicle, any taint resulting from the alleged illegal stop was fully attenuated by defendant's independent and affirmative act of speeding away and firing three shots at the officers who followed (see, People v Boodle, 47 NY2d 398, cert denied 444 US 969). Flight alone is generally an insufficient basis for

either seizure or the limited detention involved in pursuit *(People v Howard,* 50 NY2d 583, 592, *cert denied* 449 US 1023). Here, however, defendant fully cooperated with the police, but suddenly sped away as one of the officers was approaching defendant's vehicle to return defendant's license. The officer was almost struck by defendant's vehicle, which then fled at a high rate of speed, and during the course of the ensuing police pursuit defendant fired three shots at the officers. Defendant's conduct was "an independent act involving a calculated risk" *(People v Boodle, supra,* at 404) and the primary taint of the alleged illegal stop was, therefore, dissipated *(see, supra,* at 403). Even if the pursuit was not justified, defendant's independent action of firing on the officers would serve to dissipate the connection between any alleged unjustified conduct of the police and the discovery of the challenged evidence *(see, People v Wider,* 172 AD2d 573, 574).

Defendant further argues that his statements should have been suppressed because his initial oral statement to the State Police was the product of custodial interrogation before he had been read the *Miranda* warnings. We consider this statement to have been spontaneously and voluntarily given, and thus properly admitted *(see, People v Lynes,* 49 NY2d 286). Furthermore, defendant did not preserve this issue by raising it before County Court *(see, People v Pettiway,* 176 AD2d 1069). For this latter reason, we decline to consider defendant's contention that the verdict should be set aside because a juror took notes during trial *(see, People v James,* 112 AD2d 380, 381).

As to defendant's claim that he was improperly sentenced, we agree in part. The sentences imposed on counts five and six should have been made to run concurrently, not consecutively, with the sentences imposed on counts three and four. The acts of possessing the weapon with intent to use it unlawfully against the Town of Colonie Police Officers were material elements of the attempted aggravated assault upon the same police officers *(see,* Penal Law §§ 265.03, 110.00, 120.11), and the People failed to show possession of the gun with the requisite intent to use it unlawfully against the officers except when defendant was committing the attempted aggravated assault charged in the indictment. Thus, the sentences on counts five and six should run concurrently with the sentences imposed on counts three and four *(see,* Penal Law § 70.25 [2]). However, count nine, which charges the criminal possession of a weapon with intent to use it unlawfully against the City of Watervliet Police Officer, is not a material element of any

other crime of which defendant was convicted but is a separate and distinct act for which a consecutive sentence was properly imposed *(see, People v Robbins,* 118 AD2d 820, *lv denied* 67 NY2d 949).

Accordingly, the judgment appealed from should be modified by ordering defendant's sentences on counts five and six to run concurrently with the sentences imposed on counts three and four, and otherwise the judgment should be affirmed.

Crew III, J. P., Cardona, White and Mahoney, JJ., concur. Ordered that the judgment is modified, on the law, to provide that the sentences imposed on counts five and six run concurrently with the sentences imposed on counts three and four, and, as so modified, affirmed.