■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS DELANO, Appellant. [618 NYS2d 236] —Appeal by the defendant from a judgment of the County Court, Putnam County (Sweeny, J.), rendered August 10, 1993, convicting him of driving while intoxicated, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

During the plea allocution, the court informed the defendant that the originally promised sentence of eight months imprisonment could be enhanced to 1 and 1/3 to 4 years imprisonment if he failed to appear for sentencing. The defendant failed to appear and the court imposed the enhanced sentence. Contrary to the defendant's contention, the court was not required to offer the defendant an opportunity to withdraw his plea. The enhanced term of imprisonment was part of the defendant's bargained-for sentence (see, People v Shaw, 180 AD2d 656; People v McCoy, 182 AD2d 713; People v Santiago, 190 AD2d 700). Nor is the sentence excessive under the circumstances of this case (see, People v Suitte, 90 AD2d 80). Sullivan, J. P., Rosenblatt, Altman, Hart and Friedmann, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWIGHT EDWARDS, Also Known as LEE BLOOMFIELD, Appellant. [618 NYS2d 235] —Application by the appellant for a writ of error coram nobis to vacate a decision and order of this Court dated September 21, 1992 (People v Edwards, 186 AD2d 218), affirming two judgments of the Supreme Court, Kings County, both rendered October 25, 1990, on the ground of ineffective assistance of appellate counsel.

Ordered that the application is denied.

The defendant has failed to establish that he was denied the effective assistance of appellate counsel (see, Jones v Barnes, 463 US 745). Thompson, J. P., Sullivan, O'Brien and Santucci, JJ., concur.