■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CAMERON, Appellant. [617 NYS2d 770] —Judgment of the Supreme Court, New York County (Charles Tejada, J., at trial and sentence), rendered June 13, 1991, convicting defendant, after trial by jury, of criminal possession of a weapon in the third degree, and sentencing him to a term of three and one-half to seven years, and subsequent order of the Supreme Court, New York County (Michael Obus, J.), entered January 10, 1994, denying defendant's motion to suppress evidence, unanimously affirmed.

Previously, we held this matter in abeyance and remanded for a de novo hearing on defendant's motion to suppress evidence *(People v Cameron,* 194 AD2d 438). We find that the suppression court properly denied defendant's motion. The taint from the officers' illegal pursuit of defendant was attenu-

ated by defendant's calculated, aggressive and wholly distinct act of attempting to shoot Officer Carnegie *(People v Townes,* 41 NY2d 97). Upon the record before us, we conclude the court properly credited the testimony of the police witnesses, and we further note that the suppression court had the "peculiar advantages of having seen and heard the witnesses" *(People v Prochilo,* 41 NY2d 759, 761).

Defendant's claim that he was denied *Rosario* material at trial *(see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866) was not raised at the trial, nor at the time this appeal was initially argued. It was raised for the first time at the hearing ordered by this Court, where it exceeded the scope of the remand. Accordingly, it was not preserved for appellate review on appeal from the final judgment, and we decline to review it, upon this original appeal, in the interest of justice *(see, People v Gayle,* 168 AD2d 201, 202-203, *lv denied* 78 NY2d 955). Defendant can move, pursuant to CPL 440.10, if so advised, to bring any *Rosario* issue properly before the courts. Concur—Sullivan, J. P., Ellerin, Kupferman, Ross and Asch, JJ.