■ In the Matter of MACIO ENNIS, Appellant, v ANTHONY ANNUCCI et al., Respondents. [622 NYS2d 976] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Correctional Services, dated June 3, 1993, classifying the petitioner as a central monitoring case, the petitioner appeals from an order and judgment (one

paper) of the Supreme Court, Dutchess County (Beisner, J.), dated March 8, 1993, which, upon granting the respondents' motion to dismiss the petition, dismissed the petition.

Ordered that the order and judgment is affirmed, without costs or disbursements.

Although the petitioner was not originally classified as a central monitoring case, after several years, his classification was changed. We do not agree with the petitioner's argument that, pursuant to 7 NYCRR 1000.4 (a) (3), such a reclassification may occur only upon the presentation of new evidence demonstrating a deterioration of the prisoner's behavior. The respondents had the right to reevaluate the petitioner's case and to determine his classification on the basis of the current convictions for which petitioner is being held and his criminal history (see, Matter of Terry J. v Annucci, 206 AD2d 578; People ex rel. Williams v Ward, 73 AD2d 941; Matter of Ramirez v Ward, 64 AD2d 995).

We have examined the petitioner's remaining contentions and find them to be without merit. Bracken, J. P., Rosenblatt, O'Brien and Altman, JJ., concur.