■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL MERCADO, Appellant. [645 NYS2d 835] —Appeal by the defendant from a judgment of the County Court, Westchester County (Pirro, J.), rendered November 10, 1992, convicting him of criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On December 14, 1991, Westchester County Police Sergeant Christopher Calabrese and Police Officer Dwayne Tabacchi were in the vicinity of Riverdale Avenue, Yonkers, taking part in a vehicle safety checkpoint in conjunction with the training of various members of the Yonkers police department in a highway drug interdiction program to enhance highway patrol officers' techniques in detecting crimes during routine traffic stops. At about 2:30 P.M. on that day, the defendant was driving a vehicle with an extremely loud muffler. As he went through the checkpoint, the officers observed a faded temporary inspection sticker on the windshield and that the two occupants were not wearing seat belts. They directed the defendant to stop for the purpose of issuing traffic summonses. The vehicle did not stop until it reached another marked police car. Both of the occupants then exited and walked toward the rear of their car, failing to heed the requests to stop. Although the defendant, who appeared nervous, initially consented to looking

inside the vehicle, he thereafter shoved Sergeant Calabrese as he attempted to approach the vehicle. During the struggle, the defendant reached for a concealed nine-millimeter handgun and was found to be wearing a bullet-proof vest. The defendant was placed under arrest and, upon looking inside the defendant's vehicle, the police observed, *inter alia,* an open blue duffle bag on the passenger-side rear seat in which they were able to observe what they concluded was marihuana, based on their experience and training. A further search of the vehicle uncovered, *inter alia,* over 60 pounds of marihuana, three kilograms of cocaine, and $64,990 in currency.

On the facts of this case, it is unnecessary to resolve the issues raised regarding the legality of the checkpoint stop since it was the defendant's assaultive behavior that provided the predicate for the seizure of physical evidence pursuant to a lawful arrest (*see, People ex rel. Gonzalez v Warden,* 79 NY2d 892). Once the defendant shoved Sergeant Calabrese and reached for the concealed handgun, any allegedly unlawful conduct on the part of the police in stopping his vehicle was attenuated by the defendant's calculated, aggressive, and wholly distinct actions (*see, People v Vorhees,* 229 AD2d 553; *People v Cameron,* 209 AD2d 159; *People v Manning,* 199 AD2d 621; *People v Wilder,* 172 AD2d 573).

The bargained-for sentence imposed by the court was consistent with the negotiated plea and should not now be disturbed (*see, People v Cordero,* 212 AD2d 624; *People v Delano,* 208 AD2d 644). In any event, in light of the defendant's prior criminal history, the sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his *pro se* supplemental brief, are without merit. O'Brien, J. P., Santucci, Joy and Florio, JJ., concur.