■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN P. VORHEES, Appellant. [646 NYS2d 30] —Appeal by the defendant from a judgment of the County Court, Orange County (Byrne, J.), rendered September 30, 1994, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial,

after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant contends that State Troopers, in uniform and in a marked police vehicle, lacked reasonable suspicion when they stopped the vehicle he was driving. However, it is unnecessary for us to resolve this issue. The conduct of the occupants of the vehicle was not the direct result of any unlawful police activity, but was the result of an independent act (*see, People v Boodle,* 47 NY2d 398; *People v Townes,* 41 NY2d 97). As the Troopers approached, one of the occupants of the vehicle reached for a shotgun, turned and pointed the muzzle of the shotgun at one of the Troopers, and yelled "go, go, go" to the defendant, who was the driver. This conduct established probable cause for the arrest of the occupants of the vehicle (*see, People v De Bour,* 40 NY2d 210). Therefore, any possible taint of the prior police conduct was dissipated (*see, People v Mercado,* 229 AD2d 550; *People ex rel. Gonzalez v Warden,* 79 NY2d 892; *People v Cameron,* 209 AD2d 159; *People v Manning,* 199 AD2d 621; *People v Wider,* 172 AD2d 573).

By pleading guilty, the defendant effectively waived appellate review of any alleged *Rosario* violations (*see, People v Agyman,* 204 AD2d 731). Balletta, J. P., Sullivan, Santucci and Altman, JJ., concur.