■ The People of the State of New York, Respondent, v Steven Smith, Appellant. [652 NYS2d 343] —Yesawich Jr., J. Appeal from a judgment of the County Court of Sullivan County (Sheridan, J.), rendered June 22, 1995, upon a verdict convicting defendant of the crimes of robbery in the first degree and criminal possession of a weapon in the second degree (two counts).

Following receipt of a radio report that a robbery had occurred at a McDonald's restaurant in the Village of Liberty, Sullivan County, State Troopers Miles Anthony and Michael Fields stopped a car traveling eastbound on State Route 17 in which defendant, though not visible initially, was a rear seat passenger. Upon approaching the vehicle, Anthony noticed movement in the back seat and consequently asked the occupants of the car to show their hands. Although the driver and the front seat passenger, Thomas Smith, initially complied, Smith thereafter grabbed a shotgun and, yelling "go, go, go" to the driver, pointed it at Anthony. As the car began moving forward, Anthony drew his gun and shot Smith, who died almost instantly. Defendant, who was unharmed, and the driver, who also had been shot, were each handcuffed and transported to the hospital. A search of the vehicle revealed, *inter alia*, clothes and masks matching those worn by the robbers, a large amount of currency, and a bank deposit bag bearing the McDonald's logo. While en route to the hospital, a stun gun and $401 in currency were found on defendant's person.

Defendant was indicted for robbery, criminal use of a firearm and criminal possession of a weapon. His motion to suppress the physical evidence was denied and, after a jury trial, he was convicted of one count of robbery in the first degree and two counts of criminal possession of a weapon in the second degree. Sentenced to concurrent terms of imprisonment of $12^1/2$ to 25 years on the robbery count, and 5 to 15 years on each of the weapons charges, defendant appeals.

Whether, as defendant claims, the Troopers illegally stopped the vehicle in the first instance need not be addressed, for, as County Court found, any taint resulting from the allegedly unlawful stop was dissipated by Smith's independent, calculated act of reaching for and brandishing a gun at the investigating Trooper (*see, e.g., People v Townes*, 41 NY2d 97, 101-102; *People v Manning*, 199 AD2d 621, 622, *lv denied* 83 NY2d 855). Under the circumstances, that act—which provided probable cause for arresting the car's occupants, including defendant, and searching the car (*see, People v Vorhees*, 229 AD2d 553, 554)—cannot be said to have been a "direct consequence of", or a spontaneous reaction to, the automobile stop (*see, People ex rel. Gonzalez v Warden*, 79 NY2d 892, 894-895; *People v Boodle*, 47 NY2d 398, 404, *cert denied* 444 US 969). Accordingly, suppression of the tangible evidence was not required.

Of the other points advanced by defendant, the only one worthy of comment is his claim that County Court should have sanctioned the People for their failure to turn over *Rosario*

material, specifically handwritten notes made by the Troopers and audiotapes of their account of the incident, prepared in the course of an internal police department investigation. The People concede that these items, which were destroyed after being transcribed into typewritten form, constitute *Rosario* material (*see, People v Rosario*, 9 NY2d 286, *cert denied* 368 US 866; CPL 240.45), but argue that inasmuch as they are the duplicative equivalent of the typewritten transcripts, the court did not improperly refuse defendant's request to either preclude the Troopers' testimony or give an adverse inference charge.

Although the unavailability of the missing notes and tapes makes it impossible to judge if they are indeed duplicated in the transcripts provided (*see, People v Joseph*, 86 NY2d 565, 569-570), those transcripts nevertheless disclose enough information to determine the general subject matter and approximate content of the missing materials, so as to enable this Court to fairly evaluate defendant's claim of prejudice (*see, id.*, at 570-571; *People v Banch*, 80 NY2d 610, 616). Because we find that the destruction of the notes and tapes (which occurred only after they were transcribed verbatim and duly checked) was not the result of any venal motive or negligence, and because defendant has not convincingly shown how he was prejudiced by the People's conduct in this regard, we find that County Court did not abuse its discretion by declining to impose a sanction therefor (*see, People v Winthrop*, 171 AD2d 829, 830; *cf., People v Martinez*, 71 NY2d 937, 940).

Mercure, J. P., White, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.