■ In the Matter of DANIEL COLON, Appellant, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, Respondent. [662 NYS2d 865] —Crew III, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered February 20, 1997 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent designating petitioner as a central monitoring case.

Petitioner was convicted in 1982 of attempted murder in the first degree and criminal possession of a weapon in the second degree and sentenced to 15 years to life imprisonment. Upon entering the State prison system, petitioner was not classified as a "central monitoring case" (*see,* 7 NYCRR part 1000). Approximately 14 years later, however, petitioner was notified that he had been classified as such based upon his criminal history, which included violence against a police officer. Following an unsuccessful administrative appeal, petitioner commenced this proceeding pursuant to CPLR article 78 seeking to annul respondent's determination. Supreme Court dismissed the petition and this appeal ensued.

There must be a reversal. The central monitoring procedure is designed to "identif[y] inmates who, by nature of their crime or status, require special evaluation and tracking of their movement through the correctional system" (7 NYCRR 1000.1 [b]). Pursuant to the regulations, classification as a central monitoring case takes place during the initial screening process (*see,* 7 NYCRR 1000.3 [a]) and is based upon a number of factors including, insofar as is relevant here, whether the crime was committed against a public official or public figure (*see,* 7 NYCRR 1000.3 [b] [2] [vi]). Any inmate not initially classified as a central monitoring case may be "resubmitted for * * * review at any time during his incarceration if his behavior deteriorates or if new evidence is received or located that indicates new review is called for" (7 NYCRR 1000.4 [a] [3]). Although being designated as a central monitoring case does not preclude an inmate's consideration for transfer or assignment (*see,* 7 NYCRR 1000.1 [b]), any inmate identified as such

must be "reviewed and approved by central office prior to transfer or assignment to a temporary release program" (7 NYCRR 1000.1 [c]).

Here, the record reveals that petitioner was not classified as a central monitoring case until approximately 14 years after his initial incarceration. As to the justification for such reclassification, the Assistant Inspector General averred only that "[a]n oversight apparently occurred at the reception center and the Inspector General's Office was not notified of the circumstances of petitioner's conviction". Accepting respondent's rationale—that an "administrative oversight" discovered some 14 years after the fact may provide a basis for reclassification—would, in our view, render the applicable regulations meaningless. Thus, absent some indication that petitioner's behavior had deteriorated or that new evidence was located warranting further review of petitioner's status, respondent's classification of petitioner as a central monitoring case, after such an inordinate period of time, was in violation of the regulations and arbitrary and capricious. To the extent that the Second Department's decision in *Matter of Ennis v Annucci* (212 AD2d 786) holds to the contrary, we decline to follow it. Accordingly, the petition should be granted.

Cardona, P. J., White, Peters and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted and respondent is directed to expunge all references to petitioner's classification as a central monitoring case from petitioner's institutional records.