■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN SMITH, Appellant. [665 NYS2d 675] —Appeals by the defendant from two judgments of the County Court, Orange County (Byrne, J.), both rendered November 1, 1994, convicting him of robbery in the first degree, robbery in the second degree, burglary in the second degree, and grand larceny in the fourth degree under Indictment No. 93-00529, and criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, criminal possession of a weapon in the fourth degree, and criminal possession of stolen property in the fourth degree under Indictment No. 93-00598, after a nonjury trial, and imposing sentences. The appeals bring up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgments are modified, on the law, by directing that the sentences imposed under Indictment No. 93-00529 shall run concurrently with the sentences imposed under Indictment No. 93-00598; as so modified, the judgments are affirmed.

The court properly denied suppression of physical evidence. This defendant raises essentially the same challenge to the stop of the vehicle in which he was arrested as was raised by his codefendant Kevin Vorhees. As this Court stated in *People v Vorhees* (229 AD2d 553, 554), "[t]he conduct of the occupants of the vehicle was not the direct result of any unlawful police activity, but was the result of an independent act (*see, People v Boodle,* 47 NY2d 398, *cert denied* 444 US 969; *People v Townes,* 41 NY2d 97). As the [New York State] Troopers approached, one of the occupants of the vehicle reached for a shotgun, turned and pointed the muzzle of the shotgun at one of the Troopers, and yelled 'go, go, go' to the [co]defendant, who was the driver. This conduct established probable cause for the arrest of the occupants of the vehicle (*see, People v De Bour,* 40 NY2d 210). Therefore, any possible taint of the prior police conduct was dissipated (*see, People v Mercado,* 229 AD2d 550 * * *)".

Additionally, the defendant's contention that the trial court erred by failing to impose sanctions against the People for the People's failure to maintain certain *Rosario* material (*People v Rosario,* 9 NY2d 286; CPL 240.45 [1] [a]) is without merit. The defendant failed to demonstrate that he suffered any prejudice, and was, therefore, not entitled to a sanction against the prosecution (*see, People v Martinez,* 71 NY2d 937; *People v Mitchell,* 212 AD2d 737; *People v Grice,* 203 AD2d 587).

However, the sentences under the two indictments must run concurrently (*see*, Penal Law § 70.25 [2]). The record supports the conclusion that all of the convictions under Indictment No. 93-00529 arose from the same act for which the convictions under Indictment No. 93-00598 also arose.

The defendant's remaining contentions are without merit. Copertino, J. P., Sullivan, Pizzuto and Lerner, JJ., concur.