■ In the Matter of Douglas Caban, Appellant, v Department of Correctional Services et al., Respondents. [717 NYS2d 716] —Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered February 24, 2000 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services designating petitioner as a central monitoring case.

Petitioner pleaded guilty to two counts of criminal sale of a controlled substance in the second degree and one count of criminal sale of a controlled substance in the third degree and was sentenced accordingly. Upon his arrival into the custody of respondent Department of Correctional Services, petitioner was designated as a central monitoring case. Petitioner commenced this CPLR article 78 proceeding claiming that the designation determination was arbitrary and capricious. Supreme Court dismissed the petition and we affirm.

A prisoner may be classified as a central monitoring case when the instant offense involves "a high degree of sophistication or planning, or was a part of a large scale criminal conspiracy or a continuing criminal enterprise" (7 NYCRR 1000.2 [a]), or due to the notoriety of the crime (*see*, 7 NYCRR 1000.2 [b]). Here, given the nature of petitioner's crime and results of the high-profile investigation by the New York City Operations Unit indicating his association with the "Wild Cowboy" gang, we find no reason to disturb petitioner's classification as a central monitoring case (*see, Matter of Lowrance v Malone*, 177

AD2d 761; *Matter of Whitehead v Jones*, 172 AD2d 887). Petitioner's remaining contentions have been reviewed and found to be lacking in merit.

Mercure, J. P., Spain, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.