■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALPHONSO S. DENNIS, Appellant. [819 NYS2d 787]—

Cardona, P.J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered June 16, 2004, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

In August 2003, City of Binghamton Police Officer Chris LoVuolo executed a search warrant authorizing the search of defendant's person for narcotics. No drugs were found but, during the course of their discussions, LoVuolo learned that defendant did not have a valid driver's license. Thereafter, in November 2003, LoVuolo observed defendant driving a vehicle on a public roadway. Recalling their past interaction and wanting to continue his narcotics investigation concerning defendant, LoVuolo activated his emergency lights and siren and attempted to pull over defendant's vehicle. However, defendant refused to stop, sped away and eventually hit a parked vehicle, whereupon he exited his vehicle and fled on foot. After being apprehended and taken into custody, defendant was found to be in possession of cocaine.

Defendant was subsequently indicted for two counts of criminal possession of a controlled substance in the third degree. He thereafter moved to suppress the cocaine on the ground that the police lacked probable cause to effectuate the stop of his vehicle and, therefore, illegally obtained the evidence. Although County Court agreed that the stop was unlawful, it denied defendant's motion, concluding that the evidence was recovered due to defendant's intervening act of attempting to evade the police. Defendant thereafter pleaded guilty to criminal possession of a controlled substance in the third degree and was sentenced as a second felony offender to a prison term of 4½ to 9 years. Defendant contends that his suppression motion should have been granted (see CPL 710.70 [2]).

Assuming, arguendo, that the police illegally attempted to stop defendant's vehicle in the first instance, any taint resulting from such a stop was dissipated by defendant's independent and calculated act of speeding away from the police, causing an accident and fleeing on foot (see People v Boodle, 47 NY2d 398, 404 [1979], cert denied 444 US 969 [1979]; People v Dinsio, 286 AD2d 517, 518-519 [2001], lv denied 97 NY2d 703 [2002], cert denied 536 US 942 [2002]; People v Smith, 235 AD2d 639, 640

[1997], *lv denied* 89 NY2d 1041 [1997]; *People v Manning*, 199 AD2d 621, 621 [1993], *lv denied* 83 NY2d 855 [1994]). Such conduct, which "cannot be said to have been a 'direct consequence of', or a spontaneous reaction to, the automobile stop," provided probable cause to arrest and search defendant (*People v Smith, supra* at 640, quoting *People ex rel. Gonzalez v Warden of Anna M. Cross Ctr.*, 79 NY2d 892, 894 [1992]; *see People v Boodle, supra* at 404). Accordingly, suppression of the evidence was not mandated.

Crew III, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.