■ In the Matter of STEVEN SMITH, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [843 NYS2d 468]—

Appeal from a judgment of the Supreme Court (McNamara, J.), entered October 11, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Office of the Inspector General designating petitioner as a central monitoring case.

In 1994, petitioner was convicted of multiple crimes as the result of his involvement in the robberies of two fast food restaurants, one of which involved an incident with police during which petitioner's brother was fatally shot by a police officer (see People v Smith, 244 AD2d 583 [1997], lv denied 91 NY2d 897 [1998]; People v Smith, 235 AD2d 639, 640 [1997], lv denied 89 NY2d 1041 [1997]). During his incarceration, petitioner was designated a central monitoring case due to the nature of his crimes. This designation was sustained by the Office of the Inspector General on appeal and petitioner commenced this CPLR article 78 proceeding challenging it. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

The regulation relevant to the designation at issue provides, in pertinent part, as follows: "An inmate may be classified as a central monitoring case . . . if there is a reasonable basis in fact to conclude that: . . . (b) the inmate requires close supervision because of his/her past criminal history or because of the notoriety of the crime, the inmate, or the victim, or because of an escape or attempted escape, or history of absconding from lawful custody/supervision" (7 NYCRR 1000.2 [b]). Among the factors to be considered in making such a designation are if the crimes involved large scale robberies (see 7 NYCRR 1000.3 [b] [1] [vi]). The crimes for which petitioner was convicted qualify under the above, as one robbery involved the taking of a significant amount of cash. In view of this, the designation of petitioner as a central monitoring case was neither arbitrary nor capricious (see e.g. Matter of Caban v Department of Correctional Servs., 278 AD2d 620 [2000]; cf. Matter of Colon v Goord, 243 AD2d 901 [1997]). A contrary conclusion is not compelled by the reference by the Office of the Inspector General to the fact that the crimes "involved a shoot out with New York State Troopers" as this simply described the circumstances of one of the crimes at issue and did not imply that petitioner was the shooter. Accordingly, Supreme Court properly dismissed the petition.

Mercure, J.P., Spain, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.