OPINION OF THE COURT
Ellen M. Yacknin, J.
Introduction
Defendant Robert Ottey is charged with the misdemeanors of driving while intoxicated under the common law and driving while intoxicated per se, and the traffic infraction of unsafe backing of a vehicle. He has moved to suppress the evidence purporting to demonstrate his intoxication on the ground that his arrest was made without reasonable suspicion or probable cause.*
With respect to defendant’s arrest, the People have the initial burden of producing evidence that the arrest was legal, but the defendant then has the burden of showing, by a preponderance of the evidence, that the police did not have probable cause to arrest the defendant. (People v Baldwin, 25 NY2d 66 [1969]; People v Malinsky, 15 NY2d 86 [1965].)
A pretrial hearing was held on August 12, 2008. Rochester Police Officer Steven Savitcheff testified for the People. Defendant presented no evidence. Based on the credible evidence, the court makes the following findings of fact and conclusions of law.
Findings of Fact
On May 31, 2008 at about 11:58 p.m., Police Officer Savitcheff was driving in his patrol car northbound on Circle Street in Rochester, New York. At the intersection of Circle and Main Streets, Officer Savitcheff came to a stop at a red light in the left lane of the two northbound lanes. As he waited for the light to change, Officer Savitcheff heard a loud noise behind him that sounded to him like a vehicle’s tires hitting the curb. Through his rear view mirror, he saw a gray Mazda sedan approach the intersection in the right northbound lane and stop at the red light, next to Officer Savitcheff s patrol car.
*495 When Officer Savitcheff turned to look at the driver of the other car, who was later identified as defendant Robert Ottey, the driver’s head swayed, and he appeared to be disoriented. Officer Savitcheff yelled at defendant several times to attract his attention. Defendant at first gazed straight ahead and did not look at Officer Savitcheff. When Officer Savitcheff continued to yell, defendant finally turned to look at him, but then turned away without responding. As he watched defendant, Officer Savitcheff saw that defendant’s eyes were bloodshot and watery.
When defendant did not respond to his overtures, Officer Savitcheff yelled at defendant to put his car into park and not to move. Officer Savitcheff then exited his patrol car to approach the driver. As Officer Savitcheff neared the front of his patrol car, defendant drove his car forward a few feet, and then stopped the car before reaching the intersection. When defendant drove forward, Officer Savitcheff again directed him to put his car into park. In response, while his car was still stopped, defendant turned to look at Officer Savitcheff, and then gazed straight ahead silently.
When defendant did not put his car into park, Officer Savitcheff, who was now standing next to the open driver’s side window of defendant’s car, attempted to reach into the window to put the car into park himself. At that point, defendant drove the car in reverse about 30 feet and collided with a third car that had driven up behind his own car.
Officer Savitcheff first checked with the drivers of each car to make sure that no one was injured. He then returned to defendant’s car to talk with defendant and obtain defendant’s identity information. As defendant spoke, Officer Savitcheff noticed a strong smell of an alcoholic beverage coming from defendant’s breath, saw that his eyes were bloodshot and watery, and noticed that his speech was slurred. At Officer Savitcheff s request, defendant accompanied the officer to the police station to perform field sobriety tests in the station’s parking lot.
Defendant failed to perform the “A through Z” alphabet test as instructed in that he recited “A” through “P” and then stopped. Defendant failed to perform the “5 through 18” counting test as instructed in that he counted “5” through “10” and then stopped. Defendant failed to perform the “18 through 5” counting test as instructed in that he counted “18” through “1.” Defendant failed to perform the finger-to-nose test as instructed in that he missed his nose completely on all four attempts, and during one attempt he fell onto the hood of Officer *496 Savitcheff s patrol car. Defendant failed to perform the “Walk and Turn” test as instructed in that he fell onto Officer Savitcheff s patrol car four times during the instruction phase, took eight instead of nine steps, missed heel to toe on every step, used his arms for balance on the first set of steps, and did not do the back nine steps at all. Defendant declined to perform the one-legged test because of back problems.
Based on his observations, Officer Savitcheff came to the opinion that defendant was intoxicated and placed defendant under arrest.
Legal Analysis
Defendant does not dispute that Officer Savitcheff s observations of his physical attributes and performance on the field sobriety tests are indicia of intoxication sufficient to provide probable cause for his arrest. He contends, however, that the officer had no reasonable basis to attempt to stop defendant from driving away simply because he appeared to be disoriented. As a result, defendant contends, Officer Savitcheff s subsequent detention and investigation of him were unlawful.
Under People v De Bour (40 NY2d 210 [1976]), after he first observed defendant’s appearance and behavior, Officer Savitcheff was lawfully authorized to approach him in a nonthreatening manner to ask for additional information. Defendant’s swaying head, coupled with his disoriented appearance, was an “objective, credible reason not necessarily indicative of criminality” that provided a reasonable basis for a nonthreatening, limited De Bour “level one” inquiry. (See People v Hollman, 79 NY2d 181, 185 [1992].)
On the other hand, defendant had no legal obligation to respond to Officer Savitcheff s overtures. To the contrary, “An individual to whom a police officer addresses a question has a constitutional right not to respond. He may remain silent or walk or run away.” (People v Howard, 50 NY2d 583, 586 [1980].)
Once defendant exercised his constitutional right to ignore Officer Savitcheff, the officer was not legally authorized to pursue defendant, even after defendant began to drive forward, absent any objective evidence that criminal activity was afoot. (See People v Howard, 50 NY2d at 586, 592.) No such evidence existed. Officer Savitcheff did not see defendant commit any traffic infractions, and he had no other basis to believe that defendant “ha[d] committed, [was] committing, or [was] about to commit a crime.” (See People v Howard, 50 NY2d at 586.) All he *497 saw was a driver whose head swayed, whose eyes appeared watery, and who did not respond to his efforts to attract his attention. At that point, therefore, all he could have done was to follow defendant “unobtrusively,” if his suspicions had been aroused. (People v Howard, 50 NY2d at 592.)
Circumstances changed, however, when Officer Savitcheff watched defendant drive his car in reverse and collide with another car. At that point, Officer Savitcheff had probable cause that defendant had committed a traffic infraction; namely, driving in reverse in an unsafe manner, a violation of Vehicle and Traffic Law § 1211 (a). Having observed this infraction, Officer Savitcheff was lawfully entitled to conduct a more thorough investigation of the situation and defendant’s driving capabilities.
Defendant contends that regardless of the collision, evidence of his intoxication must be suppressed because it was obtained as a direct consequence of Officer Savitcheff s unlawful attempts to prevent defendant from driving away from him. Defendant relies on the legal principle, adopted by New York State courts, that where a defendant’s actions are “spontaneous” and provoked by unlawful police activity, evidence seized as a result of defendant’s actions must be suppressed. (People v Holmes, 181 AD2d 27, 32 [1st Dept 1992], affd 81 NY2d 1056 [1993].) According to defendant, defendant’s collision with the car behind his was “spontaneous” and “provoked” by Officer Savitcheff s unlawful attempt to prevent him from driving away.
Defendant’s argument is unavailing. Universally, in cases where a defendant’s conduct was found to be spontaneous and provoked by unlawful police activity, defendant’s conduct did not involve allegedly illegal activity. Rather, these cases involved conduct that was itself legally innocuous, such as abandoning contraband (see People v Holmes, 181 AD2d at 31-32; People v Lopez, 20 Misc 2d 737 [Sup Ct, Kings County 2008]); or reaching into a waistband (see People v Wilkerson, 64 NY2d 749 [1984]). On the other hand, where defendant’s spontaneous actions amount to unlawful conduct, the taint of the initial unlawful police activity is attenuated and suppression is not warranted. (See People v Kohorst, 34 AD3d 1249, 1250 [4th Dept 2006], lv denied 8 NY3d 947 [2007] [unlawful police entry into defendant’s home attenuated by defendant’s attempt to prevent police from arresting his wife]; People v Ellis, 4 AD3d 877 [4th Dept 2004], lv denied 3 NY3d 673 [2004] [unlawful police entry into defendant’s home attenuated by defendant’s threatening *498 display of a weapon]; see also People v Van Duser, 277 AD2d 1034, 1035 [4th Dept 2000], lv denied 96 NY2d 739 [2001] [“(T)he exclusionary rule does not require suppression of evidence of defendant’s commission of a new crime in the presence of the arresting officers”].)
People v Dennis (31 AD3d 810 [3d Dept 2006]) is similar to the instant case. In Dennis, a police officer saw defendant driving a car on the highway, and attempted to pull him over because he believed that defendant did not have a valid driver’s license. Instead of coming to a stop, defendant sped away and eventually collided with a parked vehicle. The Dennis court held that any taint resulting from the police officer’s arguably unlawful attempt to stop defendant’s car in the first instance was dissipated by defendant’s act of speeding away and causing an accident. (See People v Dennis, 31 AD3d at 811.)
While defendant here did not speed away, his collision with another car while driving in reverse in an unsafe manner eliminated the taint that resulted from Officer Savitcheff’s unlawful attempt to prevent defendant from driving away. (See People v Modlinger, 12 Misc 3d 1188[A], 2006 NY Slip Op 51492[U] [Sup Ct, Bronx County 2006] [defendant’s disregard of stop signs as he drove away from police attenuated the taint resulting from police officer’s unlawful attempt to direct defendant to pull his car over].) Accordingly, suppression is not warranted notwithstanding Officer Savitcheff’s initial unlawful conduct.
Conclusion
Based on his observations, Officer Savitcheff had probable cause to arrest defendant for driving while intoxicated.
Accordingly, defendant’s motion to suppress evidence of his intoxication is denied.

 Defendant also moved to suppress the statements he made to the police. However, at the suppression hearing, the People introduced no evidence of any statements. Instead, the prosecutor stated on the record that the People did not intend to introduce at trial any statements made by defendant to the police. Thus, defendant’s motion to suppress his statements is granted.