■ In the Matter of RAUON G., a Person Alleged to be a Juvenile Delinquent, Appellant. [896 NYS2d 128]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Freeman, J.), dated February 24, 2009, which, upon a fact-finding order of the same court dated December 30, 2008, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal mischief in the fourth degree, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of up to 12 months, with credit for time spent in detention pending disposition.

Ordered that on the Court's own motion, the notice of appeal dated March 13, 2009, is deemed to be a notice of appeal by Rauon G. (*see* CPLR 2001; *Matter of Tagliaferri v Weiler*, 1 NY3d 605 [2004]); and it is further,

Ordered that the appeal from so much of the order of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of up to 12 months is dismissed as academic, without costs or disbursements, as the placement has expired pursuant to the terms of the order of disposition (*see Matter of Darnell C.*, 66 AD3d 771, 772 [2009]; *Matter of Joseph R.*, 49 AD3d 651 [2008]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appellant was arrested and placed in the back seat of a police car. Thereafter, he kicked out the passenger-side rear window of the vehicle. Based on that conduct, and following a fact-finding hearing, the Family Court determined that the appellant committed an act which, if committed by an adult, would have constituted the crime of criminal mischief in the fourth degree. The appellant contends that his initial arrest was not supported by probable cause and, therefore, was illegal; he further contends that, as a result, the charge of criminal mischief in the fourth degree should have been dismissed. We disagree. Even if the appellant's initial arrest were unlawful, his subsequent act of kicking out the window of the police car was an independent, voluntary act, sufficiently attenuated from the arrest so as to be purged of any taint (*see People v Davis*, 59 AD2d 722, 723 [1977]; *People v Puglisi*, 51 AD2d 695, 695 [1976]; *People v Munger*, 37 AD2d 950 [1971]; *see also People v Vanhoesen*, 31 AD3d 805, 806 [2006]; *People v Smith*, 244 AD2d 583, 583 [1997]; *People v Smith*, 235 AD2d 639, 640 [1997]; *People v Vorhees*, 229 AD2d 553, 554 [1996]; *People v Mercado*, 229 AD2d 550, 551 [1996]).

Viewing the evidence in the light most favorable to the presentment agency (*see* Family Ct Act § 342.2 [2]; *Matter of David H.*, 69 NY2d 792 [1987]; *Matter of Daunte Jordan M.*, 68 AD3d 1116 [2009]; *cf. People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to support the findings that the appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal mischief in the fourth degree. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*cf.* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the findings of fact were not against the weight of the evidence (*cf. People v Romero*, 7 NY3d 633 [2006]).

The appellant's remaining contentions are without merit. Covello, J.P., Miller, Dickerson and Belen, JJ., concur.