■ In the Matter of Carlos Rodriguez, Appellant, v Brian Fischer, as Commissioner of Corrections and Community Supervision, Respondent. [944 NYS2d 804]—

Appeal from a judgment of the Supreme Court (Gilpatric, J.), entered August 3, 2011 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Inspector General designating petitioner as a central monitoring case.

In November 1997, while incarcerated upon an earlier conviction of manslaughter in the first degree, petitioner repeatedly stabbed another inmate in response to an aggressive sexual advance, causing the inmate's death. Although petitioner was originally convicted of depraved indifference murder in the second degree for this crime, that conviction was later reduced to the lesser included offense of manslaughter in the second degree (*People v Rodriguez*, 33 AD3d 730 [2006], *lv denied* 9 NY3d 850 [2007]). Thereafter, on October 16, 2008, following the completion of petitioner's direct appeal and after his sentencing on the reduced charge, he was designated a central monitoring case (hereinafter CMC). The CMC designation was ultimately sustained by the Inspector General and petitioner commenced this CPLR article 78 proceeding challenging that determination. Following joinder of issue, Supreme Court dismissed the petition, prompting this appeal.

We affirm. The record shows that petitioner's designation was

under the "management problem" criterion pursuant to Department of Corrections and Community Supervision Directive No. 0701 (III) (D) and, thus, he required close supervision because his conduct while incarcerated "represents a risk to facility safety and order" (see 7 NYCRR 1000.3 [b]). Although defendant points to the passage of time between his stabbing of the inmate and his CMC designation as a reason to conclude that the designation was irrational, Directive No. 0701 (IV) (F), as currently written, specifically states that inmates not previously classified as CMC can be reviewed for that status "at any time during his or her incarceration." In that regard, the Inspector General noted that petitioner's violent response in the past to aggression from other inmates remained a concern despite the passage of time.* Accordingly, we find no basis to conclude that the CMC designation was arbitrary or capricious (see Matter of Smith v Goord, 43 AD3d 1236, 1237 [2007]).

Petitioner's remaining contentions, including his claim that the CMC designation affects a protected liberty interest (see Matter of Terry J. v Annucci, 206 AD2d 578, 578 [1994], lv denied 84 NY2d 808 [1994]), have been examined and found to be unpersuasive.

Rose, J.P., Malone Jr., Kavanagh, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Notably, petitioner alleged in his letter of appeal to the Inspector General that he is currently being subjected to unwanted advances from a different inmate.