*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   January 28, 2016                    519598
_____

In the Matter of XAO HE LU,
                    Appellant,
        v                                    MEMORANDUM AND ORDER

DEPARTMENT OF CORRECTIONS AND
    COMMUNITY SUPERVISION,
                    Respondent.
_____

Calendar Date:   December 15, 2015

Before:   McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

_____

        Xao He Lu, Comstock, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Kathleen M.
Treasure of counsel), for respondent.

_____

Egan Jr., J.

        Appeal from a judgment of the Supreme Court (McKeighan,
J.), entered August 14, 2014 in Washington County, which
dismissed petitioner's application, in a proceeding pursuant to
CPLR article 78, to review a determination of the Office of the
Inspector General designating petitioner as a central monitoring
case.

        In 1996, petitioner was convicted of, among other things,
two counts of kidnapping in the first degree and two counts of
robbery in the first degree, after abducting the victims and
holding them for ransom for nearly two weeks, and was sentenced
to an aggregate prison term of 35 years to life.  In 2012,
petitioner was notified that he was being classified as a central
monitoring case (hereinafter CMC) due to the nature of his

offense.  That determination was affirmed upon administrative appeal.  Petitioner commenced this CPLR article 78 proceeding challenging that determination and, following joinder of issue, Supreme Court dismissed the petition.  This appeal ensued.

We affirm.  We are unpersuaded by petitioner's contention that, because he was not designated a CMC upon his initial receipt into the custody of respondent, the belated designation based upon the nature of his conviction is arbitrary and capricious.  Department of Corrections and Community Supervision Directive No. 0701 (IV) (F) specifically states that an inmate may be classified a CMC "at any time during his or her incarceration."  In view of the foregoing, and given that the nature of the crimes for which petitioner was convicted was an appropriate factor to consider (see 7 NYCRR 1000.2, 1000.3; Dept of Corr & Community Supervision Directive No. 0701 [IV] [F]), we find no basis to conclude that the CMC designation was arbitrary or capricious and, therefore, it will not be disturbed (see Matter of Rodriguez v Fischer, 95 AD3d 1570, 1571 [2012], lv denied 19 NY3d 812 [2012]).

McCarthy, J.P., Lynch and Clark, JJ., concur.


ORDERED that the judgment is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court