People v McFadden (2020 NY Slip Op 07759)





People v Mcfadden


2020 NY Slip Op 07759


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND BANNISTER, JJ.


754 KA 18-02108

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DUWAYNE MCFADDEN, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (NATHANIEL V. RILEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Matthew J. Doran, J.), rendered April 25, 2018. The judgment convicted defendant upon a jury verdict of burglary in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of burglary in the third degree (Penal Law § 140.20), defendant contends that County Court abused its discretion in failing to impose a sanction related to the People's Rosario violation and that, on this appeal, this Court should apply the new discovery statutes (see CPL article 245) as opposed to the statutes that were in existence at the time of trial (see CPL former article 240). We reject defendant's contentions.
Addressing first the issue concerning which statutes should be applied, we conclude that we must review defendant's contention regarding the need for a sanction using the statutes that were in existence at the time of trial. "[W]hile procedural changes are, in the absence of words of exclusion, deemed applicable to 'subsequent proceedings in pending actions' . . . , it takes 'a clear expression of the legislative purpose to justify' a retrospective application of even a procedural statute so as to affect proceedings previously taken in such actions" (Simonson v International Bank, 14 NY2d 281, 289 [1964]; see also Charbonneau v State of New York, 148 Misc 2d 891, 895 [Ct Cl 1990], affd 178 AD2d 815 [1991], affd sub nom. Dreger v New York State Thruway Auth., 81 NY2d 721 [1992]). Indeed, "it would be particularly inappropriate for the courts now to undertake the formulation of new rules, and hold them applicable to cases instituted years ago" (Simonson, 14 NY2d at 288).
Here, applying the statutes that were in existence at the time of trial, we further conclude that the court properly refused to impose sanctions. In his omnibus motion, defendant sought, inter alia, disclosure of prior statements of witnesses as well as any audio recordings that contained prior statements of witnesses or any evidence related to discrepancies in identification. On the first day of trial, defense counsel noted that, although he had received Rosario material from the prosecution, it did not contain any radio transmissions of the officers expected to testify at trial. Upon investigation, the prosecutor learned that the recordings had been destroyed as a matter of routine procedure 90 days after the incident. It is undisputed that defendant's omnibus motion requesting such evidence was filed before expiration of that 90-day period. Defense counsel sought a mistrial or, in the alternative, preclusion of evidence or an adverse inference instruction. In opposition, the People argued that, inasmuch as there was a transcript of the radio transmissions that was made contemporaneously with the recording, defendant was not prejudiced by the destruction of the audio recordings. The court agreed and denied defendant's request for sanctions.
Although the People had an obligation to preserve the requested evidence (see People v Martinez, 71 NY2d 937, 940 [1988]; see generally People v Kelly, 62 NY2d 516, 520 [1984]), we conclude that sanctions were not warranted because defendant sustained no prejudice. The People correctly concede that the transcript of the radio transmissions cannot be considered a duplicative equivalent (see People v Joseph, 86 NY2d 565, 570 [1995]), but it "disclose[s] enough information to determine the general subject matter and approximate content of the missing materials, so as to enable this Court to fairly evaluate defendant's claim of prejudice" (People v Smith, 235 AD2d 639, 641 [3d Dept 1997], lv denied 89 NY2d 1041 [1997]).
It is well settled that "nonwillful, negligent loss or destruction of Rosario material does not mandate a sanction unless the defendant establishes prejudice" (People v Martinez, 22 NY3d 551, 567 [2014]; see Joseph, 86 NY2d at 570-571; Martinez, 71 NY2d at 940). Under the circumstances of this case, we discern no prejudice from the destruction of the recordings of the radio transmissions between the officers (see Smith, 235 AD2d at 641; People v Torres, 179 AD2d 696, 697 [2d Dept 1992], lv denied 79 NY2d 1008 [1992]; People v Hyde, 172 AD2d 305, 306 [1st Dept 1991], lv denied 78 NY2d 1077 [1991]; cf. People v Viruet, 29 NY3d 527, 533 [2017]).
Defendant further contends that the identification testimony of two police officers should have been precluded because he received no CPL 710.30 notice related to their prior identification of him and the court granted his motion to preclude "identification . . . evidence of which the People failed to give notice." That contention is not preserved for our review "inasmuch as defendant did not object to the admission of that evidence on that ground during trial" (People v King, 166 AD3d 1562, 1563 [4th Dept 2018], lv denied 34 NY3d 1017 [2019]; see People v Marvin, 162 AD3d 1744, 1744 [4th Dept 2018], lv denied 32 NY3d 1066 [2018]; see also People v Hunter, 122 AD2d 166, 166 [2d Dept 1986], lv denied 68 NY2d 770 [1986]).
By making only a general motion for a trial order of dismissal, defendant "failed to preserve for our review his challenge to the legal sufficiency of the evidence" (People v Alejandro, 60 AD3d 1381, 1382 [4th Dept 2009], lv denied 12 NY3d 850 [2009]; see generally People v Gray, 86 NY2d 10, 19 [1995]). In any event, the evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Moreover, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Where, as here, "witness credibility is of paramount importance to the determination of guilt or innocence, the appellate court must give '[g]reat deference [to the] fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor' " (People v Harris, 15 AD3d 966, 967 [4th Dept 2005], lv denied 4 NY3d 831 [2005], quoting Bleakley, 69 NY2d at 495). We see no basis to disturb that determination.
Although defendant correctly concedes that any contention that he was penalized for asserting his right to a trial is not preserved for our review (see People v Hurley, 75 NY2d 887, 888 [1990]; People v Fudge, 104 AD3d 1169, 1170 [4th Dept 2013], lv denied 21 NY3d 1042 [2013]), he nevertheless contends that the addition of one year to the maximum term of the indeterminate sentence offered under the plea was not justified by anything that was elicited during the trial and, as a result, the sentence is unduly harsh and severe. We reject that contention. Considering, among other things, that defendant was eligible to be sentenced as a persistent felony offender (see Penal Law § 70.10 [1] [a], [b]; [2]; see also § 70.00 [2] [a]; [3] [a] [i]), we conclude that his sentence of 3½ to 7 years of incarceration, i.e., the maximum sentence for a second felony offender (§ 70.06 [3] [d]; [4] [b]), is not unduly harsh or severe.
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court